Darr *v.* The State.

No. 10,180.

## DARR *v.* THE STATE.

CRIMINAL LAW.—*Notice of Appeal.*—*Statute Construed.*—Under section 1887, R. S. 1881, service of the notice of an appeal to the Supreme Court upon the clerk of the court is required in cases in which the State appeals, but where the defendant appeals, service upon the prosecuting attorney alone is sufficient.

SAME.—*Liquor Law.*—*Sale Without License.*—*Evidence.*—*Supreme Court.*— Where, in a prosecution for a sale of intoxicating liquor without license, the evidence is conflicting, the Supreme Court will not disturb the verdict.

From the Blackford Circuit Court.

*W. H. Carroll*, for appellant.

*D. P. Baldwin*, Attorney General, *W. W. Thornton* and *C. W. Watkins*, Prosecuting Attorney, for the State.

NIBLACK, J.—This was a prosecution against John Darr, upon affidavit and information, for the sale of intoxicating liquor in a less quantity than a quart, to one Benjamin F. Jarrett, without a license authorizing such a sale.

Darr was found guilty and adjudged to pay a fine to the State. Having appealed to this court, he bases his appeal upon the assumed ground that the evidence was not sufficient to sustain the finding of the court.

The State has moved to dismiss the appeal, because it is not shown that notice of the appeal was served on the clerk of the court below, upon the theory that service of such a notice is still necessary in such an appeal as this, under the criminal code of 1881, under which this cause was tried.

Under the criminal code of 1852, it was necessary to serve notice of the appeal on the clerk, in all cases of appeal under its provisions, whether taken by the State or by the defendant. 2 R. S. 1876, p. 411, section 152; Buskirk's Practice, 417; *Winsett* v. *State*, 54 Ind. 437. But the code of 1881 is not so comprehensive in its provisions concerning appeals in criminal cases. Section 309 provides that " An appeal by the State is taken by the service of a written notice upon the clerk of

the court where the judgment was rendered, stating that the appellant appeals to the Supreme Court from the judgment; and a similar notice must be served upon the defendant or his attorney; if neither can be found, then by posting up such notice three weeks in the clerk's office, in a conspicuous place. If the appeal is taken by the defendant, a similar notice must be served upon the prosecuting attorney." Acts 1881, p. 171.

It will thus be seen that service of notice upon the clerk is now only required in cases in which the State appeals, and that where the defendant appeals, service of notice upon the prosecuting attorney alone is sufficient.

There is a paper accompanying the transcript which shows that proper notice of this appeal was served upon the prosecuting attorney. The motion to dismiss the appeal is, consequently, overruled.

As to the evidence, the appellant's claim is that, taking it as a whole, it did not show a sale of less than one quart of intoxicating liquor at a time.

One witness testified that, at the time and place specified in the affidavit and information, he saw the appellant sell to Benjamin F. Jarrett one pint of whiskey for fifty cents.

On his cross-examination, this witness testified to facts tending to show a sale of whiskey at the same time to another person, but he did not either withdraw or modify his original statement as to having seen a sale to Jarrett of a quantity of whiskey less than a quart. Other and different descriptions of the same transaction were given by other witnesses, thus rendering the evidence simply conflicting as to the only material question in controversy at the trial.

Under such circumstances, we can not disturb the finding upon the evidence.

The judgment is affirmed, with costs.