No. 10,504.

## FARRELL v. THE STATE.

CRIMINAL LAW.—*Practice.* —*Appeal.*—*Dismissal.*—The defendant in a criminal case may, within one year after judgment, take an appeal, by the service of a written notice upon the clerk of the court in which the judgment was rendered, and upon the prosecuting attorney; but, unless the transcript be filed in the Supreme Court within ninety days after such service of notice, the appeal will be dismissed.

From the Hamilton Circuit Court.

*W. Garver,* for appellant.

*F. T. Hord,* Attorney General, and *W. A. Kittinger,* for the State.

WOODS, C. J.—The appellant was convicted upon a charge of violating the liquor law. The appellee has moved for a dismissal of the appeal, because the transcript of the record

was not filed in this court within ninety days from the time when the appeal was taken.

The provisions of the statute on the subject, as found in the Revision of 1881, are as follows:

"Sec. 1885. All appeals must be taken within one year after the judgment is rendered, and the transcript must be filed within ninety days after the appeal is taken.

"Sec. 1887. An appeal by the State is taken by the service of a written notice upon the clerk of the court where the judgment was rendered, stating that the appellant appeals to the Supreme Court from the judgment; and a similar notice must be served upon the defendant or his attorney; if neither can be found, then by posting up such notice three weeks in the clerk's office, in a conspicuous place. If the appeal is taken by the defendant, a similar notice must be served upon the prosecuting attorney. The parties may waive such written notice, or enter, in writing, their appearance to such appeal.'"

In this case there is no waiver or entry of appearance. The judgment was rendered on the 28th day of November, 1881; the required notice was served upon the prosecuting attorney and also upon the clerk of the circuit court, that is to say, the appeal was taken, on the 3d day of May, 1882, and the transcript of the record was filed on the 8th day of November, 1882. While this was within the year allowed for the taking of an appeal, it was not within ninety days from the time when the appeal was in fact taken, and was therefore too late. For ninety days after service of the required notice the appellee is bound to take cognizance of the filing of the transcript; but, if it is not filed within that time, the appellee may presume that the appeal has been abandoned, unless within the year from the date of the judgment a new notice of appeal shall be served.

Appeal dismissed, at costs of appellant.