Beggs *v.* The State.

Filed Feb. 6, 1890.

---

No. 14,977.

### BEGGS *v.* THE STATE.

APPEAL.—*Filing Transcript.—Subsequent Notification of Prosecuting Attorney.* —Where a transcript is filed in the office of the clerk of the Supreme Court, in a criminal case, after which the prosecuting attorney is notified of the appeal, all being done within ninety days, there is a substantial compliance with the statute regulating appeals.

CRIMINAL LAW.—*Trespass.—Unlawful Entry on Land.—Possession of Owner. —Need not be Averred.*—It is not necessary, in a criminal prosecution under section 1941, R. S. 1881, making it unlawful to enter upon land after being forbidden to do so by the owner, to aver that the owner, who forbade the unlawful entry upon the land, was in actual possession. As against one having no right to enter, it is enough that either the owner, occupant, agent, servant, or either, forbids the entry.

SAME.—*Verdict.— Words "Fine" and " Punishment."— Use of Synonymously.— Motion for Venire de Novo.*—A verdict that, "We, the jury, find the defendant guilty and assess her *punishment* at the sum of five dollars," is not bad for failing to use the word *fine* instead of *punishment*, and motion for a *venire de novo* will not be sustained. The defendant was not prejudiced by the jury's use of the words as synonymous.

From the Shelby Circuit Court.

*R. W. Harrison,* for appellant.

*J. C. McNutt,* Prosecuting Attorney, and *A. F. Wray,* for the State.

Beggs v. The State.

MITCHELL, C. J.—The affidavit and information upon which this prosecution was based charged that the appellant, on a day named, unlawfully entered upon the land and premises of the affiant, after having been notified not to do so by the owner of the land, which is described. There was a judgment of conviction, from which this appeal is prosecuted.

The point is made, that the appeal has not been properly taken, because the appellant did not serve notice upon the prosecuting attorney until after the transcript was filed in the office of the clerk of this court. In the ordinary course, an appeal is taken in a criminal case by serving notice on the prosecuting attorney that the appellant appeals to the Supreme Court, and by filing a transcript in the clerk's office within ninety days after such appeal, or notice. In the present case a transcript was filed, after which notice was served upon the prosecuting attorney that an appeal had been taken. All this was done within the time within which an appeal could have been taken. While not a literal compliance with the statute, it is in substantial conformity therewith, and must be held to constitute an appeal. The motion to dismiss the appeal can not be sustained.

The point is made, that the information should have been quashed because it is not averred that the land, or premises, upon which the appellant entered was occupied by, or in the possession of, the alleged owner. Section 1941, R. S. 1881, reads as follows: "Whoever, being about to enter upon the inclosed or uninclosed land of another, shall be forbidden so to do by the owner or occupant, or his agent or servant; or who, being unlawfully upon the inclosed or uninclosed land of another, shall be notified to depart therefrom by the owner, or occupant, or his agent or servant, * * * shall be guilty," etc., " and, upon conviction, shall be fined," etc.

The *gravamen* of the offence charged is the unlawful entry upon the land of the prosecuting witness after having been

notified not to do so by the owner.   It is undoubtedly true, as the authorities cited on the appellant's behalf abundantly prove, that in order to maintain a civil action for damages for trespass to real property, the plaintiff must allege and prove a right to the possession of the land; but it is not necessary, in a criminal prosecution under the above statute, to aver that the owner, who forbade the unlawful entry upon his land, was in the actual possession.   As against one having no right to enter, it is enough that either the owner, or occupant, or the agent or servant, or either forbids the entry. Permission from one in possession might be a good defence.

The averment concerning notice not to enter upon the land was sufficient.

The jury returned a verdict in the following form : " We, the jury, find the defendant guilty, and assess her punishment at the sum of five dollars."   Section 1837, R. S. 1881, provides that :   " When the defendant is found guilty, the jury must state, in the verdict, the amount of the fine and punishment to be inflicted."

It is now contended that the appellant's motion for a *venire de novo* should have been sustained, because the word *punishment* was used in the verdict, instead of *fine*.  *Fine* would, doubtless, have been the more appropriate, but the jury manifestly used the other word as its equivalent, to indicate the amount of the fine assessed ; and in this there could have been no prejudice to the substantial rights of the appellant. There is a sense in which *punishment* and *fine* are synonymous.

The evidence is not in the record, and the suggestion that the charge was not proved by the best evidence is, therefore, irrelevant.

The judgment is affirmed, with costs.

Filed  Feb. 6, 1890.