Benadum *v.* State—182 Ind. 510.

---

## BENADUM *v.* STATE OF INDIANA.

[No. 22,639.    Filed December 9, 1914.]

1. CRIMINAL LAW.—*Perfection of Appeal.—Motion for New Trial.* —While an appeal, properly perfected, removes the cause from the jurisdiction of the trial court, an appeal is not perfected under §2217 Burns 1914, Acts 1905 p. 584, §330, relating to appeals in criminal cases, until the required notices are given and the transcript and assignment of errors are filed in the office of the clerk of the Supreme Court; hence until they are filed the trial court has jurisdiction to entertain and pass on a motion for new trial, even though it was filed after an appeal was prayed and the required notice given, and the overruling of such motion is reviewable on appeal. p. 512.

2. CRIMINAL LAW. — *Qualification of Jurors.* — *Prior Service.* — Under the statutes governing the drawing and impaneling of jurors in criminal trials, the regular panel can not lawfully contain more than twelve men, so that where the record shows that twelve men, other than three against whom objections were made, testified on *voir dire* examination that they were members of the regular panel, and their testimony was not questioned, the testimony of the three that they had served on a jury within the year, in the absence of a showing that they were members of a regular panel, must be deemed to mean that they served in the capacity of talesmen, and they were therefore disqualified. p. 512.

3. CRIMINAL LAW. — *Trial.* — *Instructions.* — An instruction that while the jury is the judge of the law and facts, it has no right to decide the law regardless of all law, but should follow and determine the law as established by proper tribunals, and that it is required to determine the law correctly, is erroneous in that it is confusing and limits the jury in the exercise of its own judgment of what the law is. p. 513.

From Delaware Circuit Court; *William A. Thompson,* Judge *Pro Tem.*

Prosecution by the State of Indiana against Charles Benadum. From a judgment of conviction, the defendant appeals. *Reversed.*

*George W. Cromer, Edward Templer, Edward M. White, Alexander G. Cavins, Harry Long* and *Van L. Ogle,* for appellant.

*Thomas M. Honan,* Attorney-General, and *Edwin Corr,* for the State.

SPENCER, J.—This is an appeal from a judgment of conviction based on a violation, as charged, of §8351 Burns 1914, Acts 1907 p. 689, commonly known as the "Blind Tiger" law. The only error assigned and relied on for reversal challenges the action of the court in overruling appellant's motion for a new trial. Appellee contends that no question is presented by this assignment for the reason that said motion was filed after an appeal had been taken and the cause thus removed from the Delaware Circuit Court. The record shows that the judgment herein was

rendered on August 25, 1913, and on the same day appellant prayed an appeal to this court, which was granted and notice then given to the prosecuting attorney and to the clerk of the Delaware Circuit Court. Subsequently, on September 4, 1913, appellant filed a motion for a new trial, which motion was overruled on November 13, 1913. On November 22, 1913, appellant filed his transcript and assignment of errors with the clerk of this court and attempted thus to perfect an appeal from the judgment rendered against him. Said attempted appeal, being cause No. 22,549 in this court, was dismissed by appellant on April 28, 1914, for the reason that the same was prematurely taken, no notice having been served on the prosecuting attorney after the motion for a new trial was overruled and prior to the filing of the transcript in this court.

While it is true that an appeal, properly perfected, removes a cause from the jurisdiction of the trial court and places it in the appellate tribunal, it is also true that,

1. under the present statute governing appeals in criminal cases, no appeal is properly perfected until the required notices are given *and the transcript and assignment of errors are filed in the office of the clerk of this court.* §2217 Burns 1914, Acts 1905 p. 584, §330. Although appellant prayed an appeal to this court on August 25, 1913, and on the same day gave notice to the prosecuting attorney and to the clerk of the trial court of his intention to take such appeal, yet he filed no transcript or assignment of errors in the office of the clerk of this court until November 22, 1913. Until that date the Delaware Circuit Court had jurisdiction to entertain and pass on appellant's motion for a new trial and its ruling on said motion is now properly presented for review.

Appellant, in said motion, alleges error on the part of the trial court in overruling his challenge for cause

2. of three jurors, Johnson, Corn and Nixon, who testified on their *voir dire* examination that they had

served on a jury in said court within one year next preceding the trial of this cause. Section 2101 Burns 1914, subd. 15, Acts 1905 p. 584, §230, provides that a juror in a criminal trial may be challenged for cause on the ground, "If he is not a member of the regular panel, that he has served on a jury within twelve months immediately preceding the trial." In the case at bar, twelve men other than those above named were placed in the jury box as the regular panel and each testified that he was a member of such panel. No contention is made that any of these jurors so testified falsely and it must now be assumed that each was, in fact, a member of the regular panel. The statutes governing the drawing and impaneling of jurors in criminal trials do not contemplate that the regular panel shall at any time be made up of more than twelve jurors and it may not lawfully contain a greater number. §§544a, 1668, 2098 Burns 1914, Acts 1909 p. 103, Acts 1913 p. 15, Acts 1905 p. 584, §227. The jurors Johnson, Corn and Nixon were not shown to have been members of the regular panel at any time and their testimony that they had already served on a jury at the same term of court is open to no interpretation other than that they had served in the capacity of talesmen. Service in that capacity, however, disqualified them from service in the case at bar and appellant's challenges for cause should have been sustained.

Complaint is also made of certain instructions given by the court. Of these, instruction No. 10 told the jurors that they were the judges of the law and the evidence, and concluded as follows: "While the jury are the judges of the law and the facts, yet this does not give you the right to decide the law, regardless of all law, but it is your duty to follow and determine the law as established by the proper tribunals. Under your oaths you are required to determine the law correctly." This instruction is confusing and limits the jury in the exercise

Vol. 182—33

of its own judgment of what the law is. It compels it to follow the law as announced by "proper tribunals" but does not indicate what tribunals are included within that term. It would preclude the jury from disregarding any erroneous decision of such tribunals. · We hold the instruction erroneous.

Other questions are presented which may not arise at another trial and we deem it unnecessary to consider them at this time. Judgment reversed, with instructions to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 107 N. E. 8. As to the disqualification of jurors who have served in the same or in a similar case, see 68 L. R. A. 871. As to the validity of a jury of more than twelve, see 43 L. R. A. 75. See, also, under (1) 12 Cyc. 743; (2) 24 Cyc. 203; (3) 12 Cyc. 647.