## FLATTER *v.* STATE OF INDIANA.

[No. 22,638. Filed December 10, 1914.]

1. CRIMINAL LAW.—*Motion for New Trial.—Time for Filing.—Statutes.—Appeal.*—Section 2158 Burns 1914, Acts 1905 p. 584, §282, allowing thirty days from the return of the verdict for the filing of a motion for new trial, and §§2218a, 2218b Burns 1914, Acts 1911 p. 410, providing that a person convicted may be let to bail pending an appeal, are to be reasonably construed to effectuate the legislative intent, and, so construed, the trial court was not deprived of jurisdiction to entertain and pass upon a motion for new trial which was filed in time and before the filing of the transcript on appeal, though long after judgment had been rendered and notice of appeal given and the defendant had been let to bail. pp. 516, 518.

2. CRIMINAL LAW.—*Appeal.—Perfection of Appeal.*—An appeal does not reach the appellate tribunal until all the essential steps required to perfect it have been taken, including the filing of a transcript and assignment of errors, and the giving of proper notice. p. 517.

3. CRIMINAL LAW.—*Bill of Exceptions.—Signing.—Filing.—Time.*—Defendant's bill of exceptions containing the instructions was

.sufficient, where it was tendered within the time allowed, though it was not signed and filed until after the expiration of such time. p. 518.

4. CRIMINAL LAW.—*Jury.*—*Qualification of Jurors.*—*Prior Service.* —Not only does the word "jury" import twelve men, but the statute provides that twelve men shall constitute the regular or trial panel, and, since it cannot exceed that number, persons, other than the twelve composing the regular panel, who testified on *voir dire* that they had done prior jury duty at the same term, must be deemed to have served as talesmen, and disqualified on that account, though they claimed to be members of the regular panel. p. 518.

5. CRIMINAL LAW.—*Appeal.*—*Bill of Exceptions.*—*Filing.*—*Leave to File.*—A bill of exceptions containing the examination of jurors on their *voir dire* is properly in the record on appeal, under leave given by the trial court at the time of ruling on the motion for new trial, although prior to such ruling judgment had been rendered and accused had given notice of appeal and had been let to bail. p. 521.

6. CRIMINAL LAW.—*Appeal.*—*Bill of Exceptions.*—*Affidavit on Motion for Change of Judge.*—No question is presented on the overruling of a motion for change of judge, where the affidavit in support of the motion is sought to be presented by bill of exceptions. p. 521.

7. CRIMINAL LAW.—*Review.*—*Instructions.*—*Reasonable Doubt.*— Instructions only intended to cover specific questions were not objectionable in omitting the element of proof beyond a reasonable doubt, where other instructions given fully advised the jury of the necessity of proving guilt beyond a reasonable doubt. p. 521.

8. CRIMINAL LAW.—*Review.*—*Instructions.*—An instruction was not objectionable on the ground that it permitted the jury to convict on any kind of proof, or on proof of acts done by another without defendant's knowledge or consent, where the instruction was limited to a particular point, and other instructions sufficiently limited the proof within the objections urged. p. 522.

9. CRIMINAL LAW.—*Review.*—*Instructions.*—An instruction which was confusing and limited the jury in the exercise of its own judgment as to what the law is, was erroneous. p. 522.

From Delaware Circuit Court; *William A. Thompson,* Judge *Pro Tem.*

Prosecution by the State of Indiana against Luther Flatter. From a judgment of conviction, the defendant appeals. *Reversed.*

*George W. Cromer, Edward Templer, Edward M. White, Alexander G. Cavins, Harry Long* and *Van L. Ogle,* for appellant.

*Thomas M. Honan,* Attorney-General, and *Edwin Corr,* for the State.

MYERS, J.—Prosecution by the State under §8351 Burns 1914, Acts 1907 p. 689, for unlawfully keeping, running and operating a place where intoxicating liquors were unlawfully sold, bartered and given away, and being unlawfully in possession of intoxicating liquors for the purpose of unlawful sale, barter and giving away. There was a trial and conviction, and judgment against appellant. The error assigned and not waived, is in overruling the motion for a new trial.

We are confronted at the threshold of the case with the urgency of the Attorney-General, that a motion for a new trial was waived by appellant. The basis for this

1. claim is the fact that judgment was rendered August 25, 1913, over the objection and exception of appellant to the rendition of judgment before the time allowed him by statute to file motion and causes, for a new trial. At that time appellant gave notice to the clerk and prosecuting attorney of appeal to this court, and made application for, and was admitted to bail, and was allowed ninety days to perfect his appeal and to file his bill of exceptions. A transcript was filed in this court November 22, 1913, and docketed as cause No. 22,550, which was dismissed April 28, 1914. The motion for a new trial was filed September 4, 1913, and overruled November 13, 1913. The position of the State is, that after appellant had given notice of appeal and had been let to bail, jurisdiction of the Delaware Circuit Court was divested, and jurisdiction of the cause transferred to this court, and that there was no further jurisdiction in the Delaware Circuit Court, and that a motion for a new trial was waived, and a motion filed in that court September 4, 1913, saved no question.

We cannot concur in the position of the State. The statute gives thirty days from the return of the verdict or finding in which to file a motion for a new trial. §2158 Burns 1914, Acts 1905 p. 584, §282. The statute also provides for persons convicted being let to bail pending an appeal. §§2218a, 2218b Burns 1914, Acts 1911 p. 410. These provisions must receive a reasonable construction in order to effect  the legislative intention as to both. If, as in this case, judgment is pronounced before a motion for a new trial is filed, as the legislature must have had in mind could be done, and if the notice of appeal and application and letting to bail divests jurisdiction of the trial court, it must be manifest that no question which depends on a motion for a new trial for its foundation could be saved, and such construction should not be given these statutes. It is manifest that the statute was intended to let convicted persons to bail pending an appeal, but if the construction of the statute urged by the State be the correct one, then where judgment is pronounced before the motion for a new trial is filed, the party is put in the position either of suffering the penalty for lack of giving bail, or if he does, of waiving any right depending on the motion for a new trial. However, in this case an appeal was in no event perfected until the transcript was filed with the assignment of errors in this court, and this was long after the motion for a new trial was filed and ruled on. The filing of that transcript was unnecessary under the State's own theory, that is, that the appeal was taken upon the notice being given, unless it is desired to present some question not dependent on a motion for a new trial.

2. An appeal can not be said to have been taken, or to have reached the appellate tribunal until all the essential steps required to perfect it have been taken, including the filing of a transcript and assignment of errors, and giving notice either in advance of filing the transcript, or thereafter. *State* v. *Sutherlin* (1905), 165 Ind. 339, 75

N. E. 642; *Lake Erie, etc., R. Co.* v. *Watkins* (1902), 157 Ind. 600, 62 N. E. 443; *Beggs* v. *State* (1890), 122 Ind. 54, 23 N. E. 693; *Henderson* v. *Halliday* (1857), 10 Ind. 24; *Hollingsworth* v. *State* (1856), 8 Ind. 257. True we have cases in which it is held that an appeal in a criminal action is taken by the service of notice as required by statute, but as applied in the construction of the statutes before us, they must be held to relate to the final judgment, or the ruling which renders the judgment final, in case it is pronounced before a motion for a new trial is ruled on, when the latter is necessary to present a question sought to be appealed from, in which case the judgment becomes final when the motion for a new trial is denied. We conclude therefore that in order to carry into effect the legislative intent, the two sections must be considered together, and that where judgment is rendered before the motion for a new trial is filed, and notice of appeal is given, and application for bail made and bail approved, and the motion for a new trial is necessary to save the questions of alleged error, and is filed within the statutory period, jurisdiction of the trial court is not divested, because ruling on the motion is a duty and function of the trial court. Any other construction would make the statute for bails a trap, instead of what is manifestly intended, and that is to prevent infliction of the penalty until an opportunity to review for alleged error can be had. The bill of exceptions containing the instructions was tendered to the court within the time allowed, though signed and filed after the sixty days allowed. This was sufficient. *Robinson* v. *State* (1899), 152 Ind. 304, 53 N. E. 223; *Smith* v. *State* (1896), 143 Ind. 685, 686, 42 N. E. 913.

In empaneling the jury twelve men were first sworn and examined on their *voir dire,* and answered that they were members of the regular panel. Of these twelve, one Justice was peremptorily challenged by appel-

lant. One Black was called in his stead. Black stated under oath that he had served as a juror in the Delaware Circuit Court the week previous, and he was then challenged for that reason, and the challenge not allowed, and exception reserved. Appellant then challenged one Johnson one of the original twelve, and another man named Moses E. Black was called in his place. He also admitted that he had served at that term of the court as a juror, and he was challenged by appellant for that cause, and the challenge disallowed, and an exception reserved. The State peremptorily challenged one Creen, one of the original twelve jurors, and one Ferguson was called in his stead. Mr. Sheller, one of the original twelve, was then challenged peremptorily by the State, and Mr. Mertz was called in his stead. Both Mertz and Ferguson admitted that they had served on a jury within a year, Mertz at a prior term, and Ferguson at the same term. Challenge of Mertz and Ferguson for former service was made by appellant, each disallowed, and exception reserved by appellant, who then challenged Mertz peremptorily, and he was excused, and one Klopfer put in his place. The State challenged Klopfer peremptorily and he was excused, and one Whitely put in his place. Appellant's peremptory challenges were at that time exhausted. Whitely was then challenged by appellant because of service on a jury in that court within the year. Challenge was then made as to each of the other of the original twelve jurors on the ground that they had each served on a jury within a year, and the challenge disallowed as to each. Each person challenged on the ground of jury service during the year previous except Mertz, had served only at that term of court. The juror Moses E. Black testified: ''I am a member of the regular panel now'', and had served during that term only. The juror James R. Black did not claim to be a member of the regular panel, nor did Mr. Whitely. Mr. Black testified that he had served only at

that term as did also Mr. Whitely and Mr. Ferguson. The court stated ''this man (Ferguson) has been a regular juror here from the beginning of the April term.'' The action was on August 6, 1913. One of the jurors who was one of the twelve first sworn answered to the question whether he was a member of the regular panel, ''I am so instructed by the judge.'' In case of the juror Ferguson, challenged for service within one year, the court said, ''For the same reason we would have to have twelve new jurors every time we tried a case.'' It must be conceded that' the word jury imports twelve men. The statute provides that twelve men shall constitute the regular panel or the trial panel of a jury in either civil or criminal cases if demanded. Acts 1913 p. 15, §2098 Burns 1914. There is nothing in this record to show that more than twelve men were originally empaneled on the regular panel, or how it came about that fourteen claimed to be on the regular panel, but the matter is open or left to surmise. The fact that more than twelve claimed to be of the regular panel did not make them so. Take the instance of the juror Ferguson. There appeared before his being called thirteen men all answering as being of the regular panel, and yet the court states that Ferguson had been on the regular panel from the commencement of the term. It is suggested by the Attorney-General that some of the regular panel may have been temporarily excused before the trial of this case came on, and others drawn to fill the panel, and then those temporarily excused may have returned, and thus more than twelve persons constituted the regular panel. Whether that occurred or what did occur we are not advised. What may be the effect on the panel of excusing jurors temporarily from the regular panel, or filling their places on the return of those excused, and what may be the status of those so called upon return of those excused may be difficult of solution as a fixed rule of practice. This much is certain, to constitute the regular panel they must

have been drawn by the commissioners, or placed on the panel by the order or direction of the court, and conceding that the trial panel cannot exceed twelve, does it follow that the regular panel of jurors in attendance can be no more than twelve? As this record stands it is not shown that any of those challenged because of prior service, except Mertz, had served at any time except during the term, and that of course did not disqualify them if they constituted the regular panel, so that the question narrows itself to the proposition, can the regular panel in attendance be composed of more than twelve persons, and we have answered that question in the negative, with the result that service at that term by those who may have been called to fill the trial panel, disqualified them on challenge for that cause. *Benadum* v. *State* (1914), *ante* 510, 107 N. E. 8. For the reasons pointed out in the Benadum case as to the giving of notice of appeal, and giving bail not divesting jurisdiction of the court below, the bill of exceptions containing the examination of jurors on their *voir dire* is properly in the record, under leave given at the time the motion for a new trial was ruled on, to file bills of exceptions.

No question is presented as to the action of the court in overruling the motion for a change of judge. The affidavit in support of the motion is sought to be presented by bill of exceptions. This is inadmissible. *Adams* v. *State* (1913), 179 Ind. 44, 99 N. E. 483.

Exception is taken to the alleged error of the court in instruction No. 4, to the effect that if the jury believed that whiskey and beer were sold by appellant, it was not necessary for the State to prove that whiskey and beer are intoxicating liquors. By instruction No. 5 the court told the jury that it was not necessary to a conviction to prove that the unlawful acts done, if any were done, were done July 6, 1913, but it will be enough if it shall have been proved that the acts were done and

committed at any time since March 12, 1913, and before filing the affidavit. The objection is made that each of these instructions was erroneous because it omits the element of proof beyond a reasonable doubt. These instructions were not intended to cover the whole case, but only specific questions, and other instructions given, fully cover the question of the necessity of proving guilt beyond a reasonable doubt. Objection is made to instruction No. 5 also, on the ground that it is too broad, in that it should have been restricted to the defendant, but that it permitted the jury to convict on any kind of proof, or on proof of acts done by any person without defendant's knowledge or consent. This instruction was limited to a particular point, and other instructions sufficiently restricted the proof, within appellant's objections. Objections to instructions Nos. 9 and 13 are the same as those as to No. 5, and are met and covered by other instructions. Instruction No. 6 is the same as instruction No. 10 in the Benadum case, and for the reasons there given was harmfully erroneous. Instruction No. 11 was an admonition to the jury of the obligation and duty, and as to the rights and obligations of appellant on the one hand, and the law's safeguards of society, on the other. We cannot say that it was an improper instruction. Objection is made as to instruction No. 14 as being erroneous within the rule in *Boos* v. *State* (1914), 181 Ind. 562, 105 N. E. 117. The evidence is not in the record, and there may have been evidence to which the instruction as given was applicable.

For the errors in empaneling the jury, and the giving of instruction No. 6 the judgment must be reversed, and it is so ordered, with instructions to the court below to grant a new trial, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 107 N. E. 9. As to what are unlawful sales of liquors, see 12 Am. St. 353. As to the validity of a jury of

more than twelve, see 43 L. R. A. 75. As to. the disqualification of jurors who have served in the same or similar case, see 68 L. R. A. 871. See, also, under (1) 12 Cyc. 743; (2) 12 Cyc. 802; (3, 5) 12 Cyc. 853; (4) 24 Cyc. 203; (6) 12 Cyc. 886; (7, 8) 12 Cyc. 654; (9) 12 Cyc. 648.