## FARLOW *v.* STATE OF INDIANA.

[No. 24,325.   Filed March 13, 1924.   Rehearing denied June 10,
1925.]

1. CRIMINAL LAW.—*Appeal is taken upon notice to the prosecuting attorney.*—The service of notice of appeal upon the prosecuting attorney determines the time when a criminal appeal is taken, which is deemed taken as of the date of such service.   p. 297.
2. CRIMINAL LAW.—*Transcript must be filed in ninety days after notice.*—Under §2382 Burns 1926, §2215 Burns 1914, the transcript in a criminal appeal must be filed in ninety days from the date of notice to the prosecuting attorney.   p. 297.
3. CRIMINAL LAW.—*Provision for bail does not alter required time for filing transcript.*—Section 2381 Burns 1926, §2215 Burns 1914, provides that appeal may be taken in one year from judgment, and transcript must be filed in ninety days from taking of appeal; §2388 Burns 1926, §2218c Burns 1914, provides that bond for appeal may be given which will stay execution, conditioned upon perfecting appeal within the time fixed by the court, not to exceed one hundred eighty days from date of judgment; the court holds that the latter section does not grant a right of appeal to one convicted of a criminal offense, and does not alter the requirement of the former section that the appellant having given notice of appeal, the transcript must be filed within ninety days from notice.   p. 297.
4. CRIMINAL LAW.—*Filing of transcript within statutory time is a jurisdictional act.*—The filing of the transcript on appeal within the time provided by law is a jurisdictional act, which limitation binds the court as well as the parties, and unless the transcript is filed within the statutory time, there is no action in the Supreme Court.   p. 299.

From Rush Circuit Court; *John W. Craig,* Special Judge.

John D. Farlow was convicted of arson and he appeals.   *Appeal dismissed.*

*Donald L. Smith* and *William J. Henley,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

TRAVIS, J.—This is an appeal from a judgment on a verdict of guilty of the crime of arson. The question to be decided is, has this court jurisdiction of this appeal? The question turns upon the construction of §§2382 and 2388 Burns 1926, §§2215, 2218c Burns 1914, as to whether or not the ninety-day limit for the filing of the transcript after the appeal is taken under §2382 Burns 1926, §2215 Burns 1914, applies to the last sentence of §2388 Burns 1926, §2218c Burns 1914. Appellant's motion for a new trial was overruled on November 6, 1922, and upon the same day at the request of appellant he was granted ninety days in which to file his bills of exception and 180 days in which to perfect his appeal, and thereupon filed the notice of his intention to appeal, duly served upon and acknowledged by the prosecuting attorney, which was followed thereafter on the same day by a petition for bail, with which petition a bail bond was tendered and approved, which bond was conditioned according to §2388 Burns 1926, §2218c Burns 1914. The transcript of the record was filed in this court April 24, 1923, 169 days after the date of the service upon the prosecuting attorney of the notice of intention to appeal.

The attorney-general did not petition this court to dismiss the appeal, but raises the question in his brief by the proposition that appellant has failed to perfect his appeal according to law and the rulings of this court, in that the transcript of the appeal was not filed within ninety days after the appeal was taken. The only justification for the appeal by appellant appears in his reply brief, wherein he says that his appeal was perfected under §2388 Burns 1926, §2218c Burns 1914, and that he was given 180 days by order of the court trying the cause, within which to perfect his appeal. The appeal was taken November 6, 1922. In contradistinction to all other acts in the steps necessary to take

a criminal appeal, the service of notice of the
1.  appeal upon the prosecuting attorney determines
the time at which the appeal is taken.   The ap-
peal is deemed to have been taken by virtue of the serv-
ice of such notice, as of the date of such service.
*Winsett* v. *State* (1876), 54 Ind. 437; *State* v. *Quick*
(1880), 73 Ind. 147; *Price* v. *State* (1881), 74 Ind.
553; *Farrell* v. *State* (1882), 85 Ind. 221.

Under the statute (§2382 Burns 1926, §2215 Burns
1914) which governs the time in which criminal ap-
peals may be taken, the transcript must have
2.  been filed within ninety days from the date of
the service upon the prosecuting attorney of the
notice of the intention to take an appeal.   Appellant
does not discuss his assertion in his reply brief to the
effect that he perfected this appeal under §2388 Burns
1926, §2218c Burns 1914, by and through which he was
given 180 days to perfect his appeal, or cite authorities
to sustain his statement; and the nearest we can inter-
pret his idea in support of the assertion is that the act
(chapter 154, Acts 1911) as amended (chapter 225,
Acts 1913) pertains to and governs the taking of crim-
inal appeals under certain conditions and circumstances,
notwithstanding and contrary to the provisions in §2382
Burns 1926, §2215 Burns 1914.

Chapter 154, Acts 1911 p. 410, as amended, chapter
225, Acts 1913 p. 647, provides for the stay of execu-
tion and bail on appeal in certain criminal cases,
3.  and does not in any manner grant a right of ap-
peal to any person convicted of a criminal of-
fense, nor the manner in which appeals may be taken.
Section 2388 Burns 1926, §2218c Burns 1914, and par-
ticularly the last sentence thereof, instead of lengthen-
ing the time within which a transcript in a criminal
appeal may be filed, after the appeal has been taken,
as seems to be claimed by appellant, if appellant avails

himself of such right to a stay of execution and bail, shortens the time in which the appeal may be perfected to the time fixed by the order of the court trying the cause, which time in which said appeal shall be perfected shall not exceed 180 days from the date of the judgment. The time when his appeal was to be perfected is governed by his act in serving notice upon the prosecuting attorney November 6, 1922, of his intention to take an appeal. By this act he thereby established a time within which the transcript in the appeal must be filed. The date when such notice to the prosecutor of his intention to take an appeal was served, was within his power to select, provided it be within the time granted by the court within which to perfect the appeal, or bail not having been procured by virtue of §2388 Burns 1926, §2218c Burns 1914, and time not having been limited by the court trying the cause thereunder, within which to perfect the appeal, then the time within which this appeal must have been taken is governed and limited by §2382 Burns 1926, §2215 Burns 1914, which limits the time for the filing of the transcript within ninety days after the appeal was taken. *Winsett* v. *State, supra; Buell* v. *State* (1879), 69 Ind. 125; *Flory* v. *Wilson* (1882), 83 Ind. 391; *Farrell* v. *State, supra; State* v. *Quick, supra; Price* v. *State, supra; Johnson* v. *Stephenson* (1885), 104 Ind. 368; *Wright, Exrx.*, v. *Manns* (1887), 111 Ind. 422; *Smythe* v. *Boswell* (1889), 117 Ind. 365; *Galentine* v. *Wood, Admr.* (1893), 137 Ind. 532; *Bollenbacher* v. *Whisnand, Admr.* (1897), 148 Ind. 377; *Michigan Mut. Life Ins. Co.* v. *Frankel* (1898), 151 Ind. 534, 539; *Vail* v. *Page* (1911), 175 Ind. 126; 1 Am. & Eng. Enc. of Law (1st ed.) 621; 3 C. J. 1040.

The filing of the transcript on appeal within the time provided by the law is a jurisdictional act. The limita-

tion within which appeals may be taken and per-
4. fected is a rule of procedure established by valid
legislation, which not only operates upon the
parties but also binds the court, and unless the tran-
script is filed within the time fixed by statute there is
no cause of action in this court. *Smythe* v. *Boswell,
supra; Michigan Mut. Life Ins. Co.* v. *Frankel, supra;
Vail* v. *Page, supra.*

The transcript not having been filed within the time
limited by law, the appeal is dismissed.

Myers, J., not participating.