### WELCH v. STATE OF INDIANA.

[No. 24,561. Filed February 16, 1926.]

1. CRIMINAL LAW.—*Overruling motion to suppress evidence must be made ground for new trial and cannot be assigned as error.*—Overruling a motion to suppress evidence must be made a ground for a new trial and cannot be assigned as error on appeal. p. 259.

2. CRIMINAL LAW.—*That wife was riding in car with her husband while it was used for unlawful purpose will not overcome presumption that she was acting under his direction.*—The fact

that a wife was riding with her husband in an automobile at a time it was being used for an unlawful purpose will not overcome the legal presumption that she was acting under his direction and compulsion.   p. 262.

3.   INTOXICATING LIQUORS.—*Evidence held insufficient to sustain conviction of married woman for transporting, intoxicating, liquor, her husband being, with her.*—Evidence held insufficient to sustain conviction of married woman for transporting intoxicating liquor, her husband being present.   p. 262.

From Martin Circuit Court; *Milton S. Hastings,* Judge.

Rose Welch was convicted of transporting intoxicating liquor in an automobile, and she appeals. · *Reversed.*

*Alvin Padgett* and *F. Gwin,* for appellant.

*U. S. Lesh,* Attorney-General and *J. Earl Thompson,* for the State.

MYERS, J.—Appellant was charged by affidavit and convicted in the court below of transporting intoxicating liquor in an automobile.   Acts 1923 p. 108.   Upon appeal to this court, the errors assigned and relied on are the overruling of her motion to suppress certain evidence, and the overruling of her motion for a new trial.

The overruling of appellant's motion to suppress the evidence was not a matter for an independent assignment of errors, but was properly a cause for a 1.   new trial, and it was so specified.   *Chappell* v. *State* (1925), *post* 272, 149 N. E. 163; *Volderauer* v. *State* (1924), 195 Ind. 415, 424, 143 N. E. 674.

In support of her motion for a new trial, appellant has confined her insistence to three specifications:   (1) Error of the court in refusing to sustain her motion to suppress certain evidence; (2) verdict of the jury not sustained by the evidence; and (3) verdict of the jury contrary to law.

It will be observed that appellant and her husband were, by separate affidavits, separately charged with the same offense, jointly tried, separate verdicts returned and separate judgments rendered. The trial court sustained the motion to quash the search warrant, but overruled the motion to suppress upon other grounds.

In as much as there is practically no conflict in the evidence, and in view of our conclusion thereon, we deem it unnecessary for this court to pass upon the action of the trial court in refusing to suppress certain evidence, or to express our views upon the peculiar facts and circumstances indicating a want of good faith on the part of the officers who originated the pretended search warrant as a camouflage protection of deputy sheriffs against liability in case they failed to realize on their suspicions or otherwise transgress the law.

The undisputed evidence upon which appellant was convicted may be of some interest. On September 1, 1923, and for years prior thereto, appellant and her husband resided at Washington, Indiana, as husband and wife. In the morning of that day, appellant, with her husband in his Durant touring car, left their home for Trinity Springs, Martin county, where they arrived at about ten o'clock in the morning. They left the springs on their return trip home reaching Loogootee some time between two and three o'clock in the afternoon. On approaching Loogootee, a Ford car, occupied by three men, passed them going in the same direction, and when a few hundred feet ahead that car stopped, two men got out, one on each side of the road, and threw up their hands motioning the car in which appellant was riding to stop. One of these men had a revolver in his hand which he flourished in a threatening manner. Appellant's husband was driving the Durant car and, while passing between the two men, each stepped

on the running board on his side of the car and demanded the driver to stop, which he failed to do until one of the men reached in the car and turned off the power.  From the time of motioning until the car was stopped, appellant many. times insisted that her husband stop and see what was wanted. · Neither appellant nor her husband knew either of these men, who later said they were deputy sheriffs, nor did these officers know either appellant or her husband.  One of these officers had seen appellant and her husband some time before in a Durant .car going toward Trinity Springs or Indian Springs, both places having some reputation as summer resorts and which were visited by appellant and her husband several times during the summer of 1923.  These visits seem to have attracted the attention of two farmers living on the road between Loogootee and the springs.  These farmers, solely because of the frequent trips of these Durant car occupants, whom they took to be foreigners, although born and raised at Washington, Indiana, suspicioned that they might be "white mule" runners, and had theretofore so informed one of these deputy sheriffs.  Appellant and her husband, on their return trip, while passing the home of one of these farmers, ran over and killed a turkey, whereupon one of these deputies at Loogootee was notified of that fact and that the car was going in the direction of Loogootee.  The officer so notified then and there called to his assistance another deputy and the Durant car was stopped as above stated, searched and a sack containing a jug filled with "white mule" whisky and a partly filled bottle of the same kind of liquor was found.

The only evidence in any particular connecting appellant with the liquor was that after appellant's husband had stopped his car on the side of the road near a bridge, and while he was engaged in cleaning the

spark plugs, she left the car, went down under the bridge, came back and told her husband that she saw a sack down there with a jug in it, to which he made no reply. She then stepped into the car. When her husband finished cleaning the spark plugs, he went down under the bridge, brought the sack containing the jug and the partly filled bottle to the car, took the bottle out of the sack, placed it in the basket in the rear part of the car, and the sack containing the jug on the floor in the front part of the car, got in and drove on.

We have not only carefully reviewed the evidence in this case, but we have incorporated in this opinion practically all of it pertaining to appellant's activities connecting her with the offense charged. While the verdict must have the benefit of every reasonable inference, yet there was no evidence before the jury from which it could reasonably say that the wife acted independently of her husband or that she exercised any dominion or control over the liquor being transported. The husband was the dominating and controlling spirit, and the mere fact that she was riding with her husband in the car at the time it was being used for an unlawful purpose will not overcome the legal presumption that she was acting under his direction and compulsion.

2.

The controlling principles of law applicable to this case were fully considered and applied in the case of Dressler v. State (1923), 194 Ind. 8, 141 N. E. 801. Upon the authority of that case, we hold that there was a want of evidence in this case to support the verdict. Hence, the verdict was contrary to law.

3.

Judgment reversed, with instructions that the trial court sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.