### DUDLEY *v.* STATE OF INDIANA.

[No. 25,503. Filed April 24, 1928. Rehearing denied December 5, 1928.]

*Norval K. Harris* and *Lindley & Bedwell, for appellant.*
*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

WILLOUGHBY, C. J.—This is an appeal from a judgment on a verdict of guilty of the crime of possessing. intoxicating liquor. The record shows the following facts. The judgment was rendered April 13, 1927, at the time of the overruling of the motion for a new trial. Exceptions were taken to such ruling, and time given to file bills of exception. Appellant filed an appeal bond April 13, 1927. Notice of appeal was served July 14, 1927. The transcript of the record was filed in this court on October 11, 1927. On the subject of appeals in criminal cases, §2382 Burns 1926 provides that all appeals must be taken within one year after the judgment is rendered or in case a motion for a new trial is filed, within one year after the ruling on such motion. The transcript must be filed within ninety days after the appeal is taken. This section has been amended by §16, ch. 132, Acts 1927 p. 421, and the section now reads, "all appeals must be taken within one hundred and eighty days after the judgment is rendered or in case a motion for new trial is filed within one hundred and eighty days after the ruling on such motion. The transcript must be filed within sixty days after the appeal is taken." This amendment took effect May 16, 1927.

The attorney-general has filed his motion to dismiss the appeal, stating in such motion the facts set forth in the record. That the judgment was rendered on the same day that the appellant prayed an appeal to the Supreme Court, which prayer was granted and appellant allowed ninety days in which to prepare and file a bill of exceptions.

Appellant then filed a petition to be let to bail during the pendency of such appeal and the court granted the same. It is further alleged that, on July 14, 1927, the appellant served notice on the prosecuting attorney of his intention to appeal, which notice was acknowledged on July 14, 1927. That the transcript of the record was

filed in the office of the clerk of the Supreme Court on October 11, 1927. The motion further states that appellant has failed to comply with §16, ch. 132, Acts 1927 p. 421, which provides, among other things, that the transcript must be filed within sixty days after the appeal is taken. The service of notice of appeal upon the prosecuting attorney determines the time at which the appeal is taken. The appeal is deemed to have been taken by virtue of service of such notice as of the date of such service. *Farlow* v. *State* (1924), 196 Ind. 295, 142 N. E. 849; *Winsett* v. *State* (1876), 54 Ind. 437; *State* v. *Quick* (1880), 73 Ind. 147; *Farrell* v. *State* (1882), 85 Ind. 221. The transcript was not filed within the time fixed by law. It was competent for the legislature to prescribe the time within which an appeal should be allowed and, if the appeal is not taken in conformity to such statute, the court does not have jurisdiction of the appeal. It is, therefore, apparent that the motion of the attorney-general must be sustained and the appeal dismissed.

Appeal dismissed.