### ROBARDS *v.* STATE OF INDIANA.

[No. 13,642. Filed April 19, 1929.]

*Henry H. Winkler,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

ENLOE, C. J.—The record herein discloses the following facts: The appellant was tried and found guilty of the offense of assault and battery, in the Marion Criminal Court, on December 8, 1926; on December 11, 1926,

he filed a motion for a new trial, which was overruled on the same day; at the time the motion for a new trial was overruled, he asked and was given time within which to file his bill of exceptions, and he also, on said day, prayed an appeal to the Supreme Court, served written notice of his intention to appeal said cause upon the prosecuting attorney, and also filed his petition to be. let to bail pending said appeal. The transcript of the record herein was filed in the office of the clerk of this' court March 21, 1927. The statute then in force governing the time for perfecting appeals in criminal matters, §2382 Burns 1926, provided: "The transcript must be filed within ninety days after the appeal is taken."

In *Farlow* v. *State* (1924), 196 Ind. 295, 142 N. E. 849, it was said: "Under the statute . . . which governs the time in which criminal appeals may be taken, the transcript must have been filed within ninety days from the date of the service upon the prosecuting attorney of the notice of the intention to take an appeal." In the same case, it was said that the filing of the transcript on appeal within the time provided by law was jurisdictional, binding alike upon court and litigants. See, also, *Dudley* v. *State* (1928), 200 Ind. 398, 161 N. E. 1.

The transcript in this case not having been filed within the time limited by statute, this appeal must be dismissed.

Appeal dismissed.