## PHILLIPS *v.* STATE OF INDIANA.

[No. 25,876.  Filed May 20, 1930.]

*Thomas C. Whallon,* for appellant.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Deputy Attorney-General, for the State.

TRAVIS, C. J.—This is an appeal from a judgment upon a verdict of guilty of having committed a criminal offense.

Appellee moves to dismiss the appeal. The verdict was returned June 21, 1929, and judgment rendered upon the verdict June 26, 1929. Appellant's motion for a new trial, which was filed July 5, 1929, was overruled July 27, 1929. Notice of appeal (Acts 1905, ch. 169,

§330, p. 584, §2384 Burns 1926) to the prosecuting attorney was served and acknowledged July 29, 1929. The appeal was not perfected under this notice. Thereafter, on December 21, 1929, appellant served his second notice of appeal upon the prosecuting attorney, and perfected the appeal thereunder February 18, 1930. The second notice of appeal was served within the time allowed to take an appeal. Acts 1927 p. 411, §16, §2382 Burns' Supp. 1929. This appeal was perfected within 60 days after the service of the second notice of appeal.

The grounds underlying the motion to dismiss the appeal are: (a) The appellant, having elected at a time certain to take the appeal from the judgment, he may not abandon such election, and rely upon another notice to fix the date upon which appeal is taken, and such second notice of appeal is a nullity; and (b) that the second notice being a nullity, the appeal being perfected after the 60 days from the date of the first notice had elapsed, it was not timely perfected.

The statute (§2382 Burns' Supp. 1929, *supra*) reads: "All appeals must be taken within one hundred and eighty days after the judgment is rendered, or in case a motion for a new trial is filed, within one hundred and eighty days after the ruling on such motion."

The service of notice of the appeal upon the prosecuting attorney determines the time at which the appeal is taken. *Farlow* v. *State* (1924), 196 Ind. 295, 142, N. E. 849; *Dudley* v. *State* (1928), 200 Ind. 398, 161 N. E. 1.

The time within which the appeal must be perfected and the action necessary to perfect the appeal are limited by the statute (§2382 Burns' Supp. 1929, *supra*) by the sentence: "The transcript must be filed within sixty days after the appeal is taken."

The court is of the opinion that an appellant in a

criminal case is not so bound by the giving of the statutory notice of appeal that he may not abandon such appeal and take another appeal by giving another statutory notice, provided the notices are given within the time limited for taking appeals from judgments in criminal cases. The reasoning to such conclusion is analogous to appeals from judgments in civil cases as decided, that if a bond is not filed within the time fixed by the court for taking a "term time appeal" (§698 Burns 1926), the appeal will be considered as a vacation appeal. *Michigan Mut. Life Ins. Co.* v. *Frankel* (1898), 151 Ind. 534, 537, 50 N. E. 304; *Cleveland, etc., R. Co.* v. *Smith* (1912), 177 Ind. 524, 532, 97 N. E. 164.

This appeal was perfected by filing the transcript within the statutory period of time, to wit, 60 days after the notice of appeal, which is all that the statute requires a judgment defendant to do. *Lichtenfels* v. *State* (1876), 53 Ind. 161; *McLaughlin* v. *State* (1879), 66 Ind. 193; *Farrell* v. *State* (1882), 85 Ind. 221.

Appellee's petition to dismiss the appeal is denied.