## MAHONEY *v*. STATE OF INDIANA.

## BRIER *v*. STATE OF INDIANA.

[Nos. 26,057, 26,058. Filed November 3, 1931. Appellants' petitions to reinstate appeals denied January 26, 1932.]

*Mark L. Thompson,* for appellants.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Deputy Attorney-General, for the State.

MARTIN, C. J.—The State has filed motions to dismiss these appeals on the ground that the appellants in filing them have failed to comply with §16, ch. 132, Acts 1927, §2382 Burns Supp. 1929, which provides, among other things, that: "the transcript must be filed within sixty days after the appeal is taken."

Both records (transcripts) were filed in this court on June 15, 1931. The cases were tried and the judgments rendered January 25, 1931, and a motion for a new trial in each case was overruled February 25, 1931. Attached to each record is a notice of appeal given by the appellant to the prosecuting attorney, together with acknowledgment of the service thereof. These notices and acknowledgments of service are not dated. The appellee, with its motions to dismiss these appeals, has filed affidavits of the prosecuting attorney that the notices were served on him on February 25, 1931. The appellants have filed answers in which they allege that the notices were served personally on the prosecuting attor-

ney "in the presence of a witness" on May 6, 1931. Appellants' attorney has filed an affidavit accompanying his answer in each case stating that he served the notice on May 6, 1931, but the witness is not named, nor is there any affidavit from the witness.

This court is not in position to determine from these affidavits the fact as to the time notice of the appeal was served on the prosecuting attorney. The affidavit on behalf of each appellant was made by a member in good standing of the bar of this court and the affidavits on behalf of the appellee was made by the prosecuting attorney of the Sixty-First Judicial Circuit. As between them, we cannot determine who is correct and who is mistaken. In this situation, we must be governed by the record as we find it, and, in the absence of an affirmative showing that the record was filed within 60 days after notice was given to the prosecuting attorney, we cannot presume the existence of such fact. A presumption of regularity exists with reference to action taken by the trial court, but there is no presumption with reference to the time some act is performed by a party appealing from a judgment. To bring himself within the terms of the statute allowing his appeal, he must affirmatively show that he has complied with its requirements.

Where the defendant in a criminal case appeals, it is not necessary to serve a notice of appeal on the clerk. *Darr* v. *State* (1882), 82 Ind. 11; *Ex parte Huffman* (1914), 181 Ind. 241, 243, 104 N. E. 511. Section 330, ch. 169, Acts 1905, §2384 Burns 1926 provides, in part, that: "If the appeal be taken by the defendant, . . . notice must be served upon the prosecuting attorney . . . such appeal . . . shall not be deemed perfected until the filing of the record thereof in the office of the clerk of the court to which the appeal is taken." Section 2382 Burns 1926, as already noted,

provides that the transcript must be filed within 60 days after the appeal is taken.

An appeal by a defendant in a criminal case is deemed to have been taken, by virtue of the service of notice on the prosecuting attorney of intention to take an appeal, as of the date of such service, *Dudley* v. *State* (1928), 200 Ind. 398, 161 N. E. 1, and cases cited; *Winsett* v. *State* (1876), 54 Ind. 437; *Price* v. *State* (1881), 74 Ind. 553, and where the transcript is not filed within 60 days after the appeal is so taken—the time provided by §16, ch. 132, Acts 1927—the appellate court does not have jurisdiction of the appeal and it will be dismissed. *Dudley* v. *State, supra.*

If, however, a defendant does not perfect his appeal within the time provided in the statute, after the giving of the notice to the prosecuting attorney, he may abandon his first appeal and take another appeal by giving another notice to the prosecuting attorney, provided the second notice is given within the time limited for taking appeals from judgments in criminal cases. *Phillips* v. *State* (1930), 202 Ind. 16, 171 N. E. 380. And, where the transcript and assignment of errors is filed in the Supreme Court, and notice is then given to the prosecutor of the appeal, all of which is done within the time limited (now 180 days under §2382 Burns 1929) after the judgment (or the overruling of the motion for a new trial), it is sufficient, *Beggs* v. *State* (1890), 122 Ind. 54, 23 N. E. 693; *Flatter* v. *State* (1914), 182 Ind. 514, 107 N. E. 9.

In the case at bar the motion for a new trial was overruled February 25, 1931. More than 180 days from that date now having elapsed, it is too late to order another notice to be issued to the prosecuting attorney. In view of the holding in the cases last cited and the fact that a notice of appeal was at some time given to the prosecuting attorney in the cases

at bar, it may seem that the application of the law to these appeals so as to require a dismissal thereof is harsh and severe. But it must be remembered that if the defendants did not perfect their appeals within 60 days after notice to the prosecuting attorney, such notice, at the end of 60 days, became ineffective and the State had the right to assume that the appeals had been abandoned. The State thereafter could be brought into court only by a subsequent notice served on the prosecuting attorney, either (within 60 days) before, or after, the record has been filed with the clerk of the Supreme Court, and within the 180 days allowed for the appeal. A sufficient showing not having been made that the notice to the prosecuting attorney was given less than 60 days before the transcript was filed, and no subsequent notice having been given, it follows that the jurisdiction of this court over the State as a party appellee in these cases has not been invoked.

The appeals are dismissed.