CARSON *v.* STATE OF INDIANA.

[No. 25,854. Filed December 29, 1932.]

*Homer R. Miller, Olin R. Holt* and *George C. Uhlir*, for appellant.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Deputy Attorney-General, for the State.

MARTIN, J.—An affidavit was filed against the appellant in the city court of Marion charging him with the unlawful possession of intoxicating liquor, and alleging that twice theretofore he had been convicted on charges of violating the liquor law. From a judgment of the city court imposing a fine of $100.00 and ninety days' imprisonment, he appealed to the Grant Circuit Court where he was tried and convicted, the judgment there imposing a fine of $200 and imprisonment for not less than one year nor more than two years in the Indiana State Prison.

The state has moved to dismiss this appeal on the ground that it was not perfected (as provided by §2382 Burns Supp. 1929) within 60 days after notice of the appeal was served on the prosecuting attorney. The appellant was convicted in the circuit court October 11, 1929. On the same day he filed a motion for a new trial, which was overruled, and served notice on the prosecuting attorney of his intention to appeal. The transcript of the record was filed with the clerk of this court on December 28, 1929, at which time appellant filed a praecipe for notice to the prosecuting attorney, which notice was served December 30, 1929. The filing of the transcript in this court and the issuance of the second notice both occurred within 180 days from October 11, 1929.

Appellant alleges as error the action of the court: (1) in overruling his motion to quash the affidavit, (2) in overruling his motion to quash the search warrant and to suppress evidence, (3) in permitting the State to amend the return to the search warrant and (4) in overruling his motion for a new trial.

Numbers (2) and (3) are not proper as independent assignments of error but the questions sought to be presented thereby are also (properly) presented as specifications (reasons) in the motion for a new trial (under §2325, sub. 1, Burns 1926) and will therefore be considered. *Welch* v. *State* (1926), 197 Ind. 258, 150 N. E. 761; *Chappelle* v. *State* (1925), 196 Ind. 640, 149 N. E. 163; *Volderauer* v. *State* (1924), 195 Ind. 415, 143 N. E. 674. In the motion for a new trial appellant further contends (4a) that the court erred in permitting the State to introduce in evidence the intoxicating liquor found at his residence and (4b and 4c) that the finding of the court is contrary to law and not sustained by sufficient evidence.

An appeal by a defendant in a criminal case is deemed to have been taken by virtue of the service of notice on the prosecuting attorney of intention to take an appeal, as of the date of such service, and where the transcript is not filed within sixty days after the appeal is taken (the time provided by §16, ch. 132, Acts 1927, §2382 Burns Supp. 1929), the court of appeal does not have jurisdiction and the appeal will be dismissed. *Mahoney* v. *State* (1931), 203 Ind. 200, 178 N. E. 233. If, however, a defendant does not perfect his appeal within the time provided in the statute, after the giving of the notice to the prosecuting attorney, he may abandon his first appeal and take another appeal by giving another notice to the prosecuting attorney, provided the second notice is given within the time limited for taking appeals from judgments in criminal cases. *Phillips* v. *State* (1930), 202 Ind. 16, 171 N. E. 380. And where the transcript and assignment of errors is filed in the Supreme Court and notice is then given to the prosecutor of the appeal all of which is done within the time limited (now 180 days under §2382 Burns Supp. 1929) after the judgment or the

overruling of the motion for a new trial, it is sufficient. *Flatter* v. *State* (1914), 182 Ind. 514, 107 N. E. 9; *Beggs* v. *State* (1890), 122 Ind. 54, 23 N. E. 693; *Mahoney* v. *State, supra.*

This appeal could not have been perfected on December 30, 1929, under the first notice given to the prosecuting attorney, but it was properly perfected under the new notice which was on that date given to the prosecuting attorney. Appellee's motion to dismiss the appeal is overruled.

Several of the assignments of error attack the legality of the search that was made of appellant's grocery store on the ground that the search warrant was not issued upon a showing of probable cause. The affidavit for the search warrant was in the form prescribed by the statute (§§2746, 2086 Burns 1926) and it also contained the following:

> "Affiant says that his reason for said belief is that he was told by one Arnold Waller, a reliable person, that he, said Waller, on the evening of April 6, 1929, bought from Earl Carson at the above described premises ½ pint of intoxicating liquor, to-wit: ½ pint of alcohol and that he paid Earl Carson $2.00 in money for said alcohol, and that other persons known to him had purchased intoxicating liquor from said Earl Carson."

Such an affidavit, if believed by the issuing magistrate, is sufficient upon which to issue a search warrant. *Turk* v. *State* (1929), 89 Ind. App. 30, 165 N. E. 558.

The search warrant was issued by the Mayor (police judge) of Marion after the affidavit had been filed with him and after he had heard evidence under oath with reference to probable cause and had judicially determined that there was "cause for the issuance of a search warrant." The Mayor testified to the facts just stated. The appellant, who declined

to cross-examine the Mayor, makes no charge that the Mayor was guilty of an arbitrary abuse of power and offered no testimony to prove that the evidence before the Mayor was insufficient to show probable cause. In the absence of any such showing by appellant it is held that the search warrant was lawfully issued and that appellant's motion to quash the search warrant and suppress the evidence obtained thereby, as well as his objection to such evidence, when offered, were correctly overruled. *Gwinn* v. *State* (1929), 201 Ind. 420, 424, note 3, 166 N. E. 769.

There was no error in permitting the officers who made the search to amend the return to the search warrant. The making of such return is a ministerial act and it may be amended if necessary to make the record speak the truth. *Rose* v. *U. S.* (1921), C. C. A., 274 Fed. 245; *U. S.* v. *Clark* (1924), (D. C.) 298 Fed. 533; *State* v. *Noble* (1924), 96 W. Va. 432, 123 S. E. 237; Blakemore, Prohibition (3rd Ed.), §932.

Under the assignment that the court erred in overruling his motion to quash the affidavit appellant contends that the affidavit does not state a public offense against him for the reason that the approval of the prosecuting attorney was not endorsed upon it as required by §2151 Burns 1926. In a prosecution before a justice of peace or in a city or municipal court for an offense within the jurisdiction of such inferior court the endorsed approval of the prosecuting attorney is not necessary, either in such court or in the circuit (or criminal) court on appeal therefrom. *Parish* v. *State* (1923), 194 Ind. 44, 141 N. E. 786. But where the crime charged is a felony, and the jurisdiction of the inferior court is limited to a preliminary hearing, an affidavit filed in the city court and used to present the offense in the criminal (or cir-

cuit) court is not sufficient unless it bears the approval of the prosecuting attorney. *Wischmeyer* v. *State* (1929), 200 Ind. 512, 165 N. E. 57.

The affidavit in the city court charged the misdemeanor of possessing intoxicating liquor, under §2717 Burns 1926. It also alleged that appellant had been convicted on two prior charges of violating the liquor law in the city court of Marion, giving the numbers of the cases and the sentences imposed, the effect of this allegation being to charge the felony defined by the same section of the statute. Under this affidavit the city court of Marion could convict the appellant if it found that he was guilty of the misdemeanor charged and was not guilty of the felony charged. If such court had found that he was guilty of the felony it would, for such offense, have had authority only to recognize him to appear and answer such charge in the circuit court.

The city court convicted the appellant only of the misdemeanor, from which conviction he appealed to the Circuit Court. The demurrer to the affidavit was properly overruled by the Circuit Court because the affidavit sufficiently charged the misdemeanor, but that court, under the affidavit which did not bear the approval of the prosecuting attorney, was limited to the trial of the misdemeanor charge and had no jurisdiction to try appellant for the felony. The finding of the court that appellant was guilty of the felony defined by §2712 Burns 1926 was contrary to law, and the judgment is reversed with directions to grant appellant's motion for a new trial.

Travis, J., dissents.

## DISSENTING OPINION.

TRAVIS, J.—I think that the search warrant was not issued upon probable cause. The affidavit upon which

the search warrant was issued shows that the fact of probable cause is sustained solely by hearsay evidence. Had the affidavit that was submitted been supported by the affidavit of Arnold Waller of the truth of the fact stated in the affidavit in issue, we would have a case not unlike, but similar to the decision in other cases.

I therefore dissent from that part of the opinion of the court which decides that the affidavit quoted is sufficient to show probable cause for the warrant.

The opinion says that because of failing to show an abuse of power in issuing a search warrant because appellant declined to cross-examine the mayor, who testified that he heard evidence under oath with reference to probable cause, the search warrant was lawfully issued. I dissent from this decision. The Constitution (§11, Art. I) makes no set-up of procedure, but says that "no warrant shall issue but upon probable cause, supported by oath or affirmation." The whole procedure is specifically provided by statute in this state. The statute provides that probable cause shall be shown by affidavit, and provides its form. This set-up of statutory procedure is exclusive and conclusive. It is also salutory, because then the whole evidence to show probable cause is presented in writing, so that the person whose place is to be searched may know and attack the showing, made before the magistrate. The law provides also that the affidavit shall be filed and shall remain on file, the purpose being that the person aggrieved may see it at any reasonable time. The evidence given by witnesses, whoever they may have been, was not reduced to the form of depositions and filed in the ex parte hearing for the search warrant; otherwise it would have been superfluous for the mayor to testify what were the questions and answers given in oral evidence before him in support of the affidavit. Errors creep in when sayings are retold. The

mayor is not superior to any other witness. The ex parte proceeding in this case speaks loudly the fallacy of permitting unrecorded hearsay testimony to be heard by the issuing magistrate in support of an affidavit which relies solely on hearsay statements; and, also the wisdom of a practice in ex parte proceedings for a search warrant that requires all evidence to be in documentary form under oath or affirmation.