Filed March 29, 1893.

———————◆———————

No. 16,703.

## DAVIS v. BIBLE, SHERIFF.

HABEAS CORPUS.—*When not a Proper Proceeding.—Justice of the Peace. —Mittimus.—Clerical Error.—Criminal Law.—Petit Larceny.*—Where a justice of the peace, in making out a *mittimus* for a prisoner charged with petit larceny, who had waived preliminary examination, inserted the phrase "grand larceny" instead of "petit larceny," the error was harmless, and might have been corrected on motion before the justice, and can not be collaterally attacked by petition for writ of *habeas corpus*.

SAME.—*Evidence.—Legal Conclusion.*—In such case it was not error to refuse to allow the prisoner to testify that the charge against him before the justice was not one for grand larceny, as such testimony would have been but a legal conclusion.

From the Montgomery Circuit Court.

*H. D. Van Cleave* and *W. S. Moffett*, Prosecuting Attorney, for appellant.

*C. Johnston* and *W. H. Johnston*, for appellee.

HACKNEY, J.—The appellant prosecuted, in the lower court, the writ of *habeas corpus* against the appellee as sheriff of Montgomery county. His petition was in two

forms, or paragraphs; the first alleging his arraignment before a justice of the peace, upon a charge of petit larceny, his waiver of the preliminary examination, the entry of a judgment that he was guilty as charged, and that said justice "fixed the punishment therein that your petitioner give bond in the sum of $200, and be imprisoned indefinitely in the county jail;" that a *mittimus* issued for the commitment of the appellant for the offence of grand larceny; that upon such *mittimus* he was confined by the appellee in the jail of said county, and thereby wrongfully deprived of his liberty. The second cause of petition is that the appellee has wrongfully imprisoned, and, without authority, deprived appellant of his liberty, and without bail, on a charge of petit larceny, of which crime he is not guilty, nor is the proof evident or the presumption of guilt strong.

The appellee made return to the writ, producing the *mittimus* as his authority, and submitting the appellant to the order of the court.

The appellant filed what he termed exceptions to the return, denying the truth of the *mittimus*, or that he had been charged with grand larceny before said justice.

The "exceptions" were overruled, the cause was submitted, the evidence heard, and the appellant remanded into the custody of the appellee, and from this action the appeal herein is prosecuted.

There are seven assignments of error: 1. Overruling the exceptions. 2. Refusing to permit appellant to testify that he had not been charged with grand larceny. 3. That the evidence was not sufficient to sustain the finding against the appellant. 4. In ordering that appellant be remanded. 5. In not summoning the prosecuting witness and examining into the charge. 6. In not admitting appellant to bail. 7. The same as the fifth and sixth.

The evidence showed a charge of petit larceny, the waiver of a preliminary examination, an adjudication that appellant was "guilty as charged, and that he give bond for $200;" that the bond being fixed at $200, and the appellant failing to give it, he was put in custody of the appellee upon a *mittimus* in the customary form, except that it used the word "grand" instead of "petit" larceny in describing the offence. No evidence was offered tending to prove or disprove the existence of guilt of the crime of larceny.

The argument has assumed a wide range, including the question of jurisdiction of the justice to render final judgment upon a charge of larceny.

The real scope of the case, as we view it, is narrow. The appellant was charged with petit larceny, and waived an examination, the justice entered judgment, possibly not in the most formal and correct manner, and upon that judgment issued a *mittimus* in which he erroneously described the crime charged as grand larceny. For these errors, treating them as errors, the appellant asked his liberty. The statute invoked by the appellant for the protection of his liberty provides (R. S. 1881, section 1120) that "No person shall be discharged from an order of commitment issued by any judicial or peace officer, * * * on account of any defect in the charge or process, or for alleged want of probable cause." The errors complained of are thus expressly saved from attack in the method here adopted.

A merely erroneous judgment may not be attacked collaterally, as by petition for the writ of *habeas corpus*. *Lowery* v. *Howard*, 103 Ind. 440.

The error in the *mittimus* was harmless, and might have been corrected on motion before the justice. *Sturgeon* v. *Gray*, 96 Ind. 166.

That the court refused appellant the permission to

testify that the charge against him before the justice was not one of grand larceny was not error. The charge was in evidence; no other charge was made, and it showed for itself that it was petit larceny. His testimony, at best, would have been but a legal conclusion.

It is further complained that the court did not, of its own motion, require a showing of appellant's guilt of the charge upon which he was detained. Excepting the evidence rejected, as above shown, the court heard all evidence offered, or, so far as the record discloses, all the evidence sought by the appellant, and under the decisions in this State, the burden rests upon the petitioner to show the want of probable cause. *Ex parte Heffren*, 27 Ind. 87; *Ex parte Jones*, 55 Ind. 176; *Ex parte Kendall*, 100 Ind. 599; *Ex parte Richards*, 102 Ind. 260.

We find no error in the record for which the cause should be reversed.

Judgment affirmed.

