Haase *v.* The State.

No. 658.

## HAASE *v.* THE STATE.

CRIMINAL LAW.—*Indictment.—Venue, When Sufficiently Laid.*—An indictment in the following words, omitting the caption: "The grand jurors for the county of Marion and State of Indiana, upon their oaths, present that Lewis Haase, on the 3d day of January, 1891, at and in the county of Marion, and State aforesaid, did," etc., sufficiently lays the venue, the "State aforesaid" being a sufficient reference to the State (Indiana) mentioned in the introductory portion.

SAME.—*Interruption of Trial.—Filing New Charge for Same Cause.— Arrest, Arraignment, etc.—Jeopardy.—Variance.*—During the progress of a trial on a criminal charge of assault and battery, the prosecuting attorney conceived the notion that there was a variance between the indictment and the proof upon the name of the injured party, and, so believing, asked the court for time to prepare and file an affidavit and information containing the true name of the injured party, to which the defendant objected, and moved the court for a finding and judgment in his favor, which motion was overruled and exception reserved; and after having prepared and filed an affidavit and information, and issued a warrant thereon, which was served upon the defendant, and due return made, appellant being duly arraigned, refused to plead thereto, and the trial under the indictment was then proceeded with before the court to whom it had been submitted, and the defendant found guilty.

*Held*, that such interruption in the trial on the indictment did not amount to reversible error, no substantial injury affecting the defendant's legal rights having been shown, jeopardy not having attached under the new charge.

SAME.—*Matter in Abatement.—Jeopardy.*—That another prosecution is pending against the defendant for the same offense, can not constitute matter in abatement until the defendant has been placed in jeopardy in the other action.

SAME.—*Jeopardy.*—Jeopardy attaches only after the jury has been sworn, or, if the trial is by the court, after the trial has been entered upon.

JUDGMENT.—*Sufficiency of Evidence to Support.*—The judgment of the trial court will not be disturbed where the evidence is conflicting, or where there is some evidence which supports the finding upon which the judgment is founded.

From the Marion Criminal Court.

Haase *v.* The State.

*J. W. Kern, Davis & Martz,* for appellant.

*A. G. Smith,* Attorney-General, *F. W. Cody* and *D. L. Cody,* for State.

REINHARD, J.—The appellant was indicted, tried, and convicted, in the court below, for an assault and battery. The indictment is as follows:

"THE STATE OF INDIANA ⎫ Criminal Court of Marion
          *v.*                    ⎬      County.
     LEWIS HAASE.     ⎭

"ASSAULT AND BATTERY.

"The grand jurors, for the county of Marion and State of Indiana, upon their oaths, present that Lewis Haase, on the 3d day of January, 1891, at and in the county of Marion, and State aforesaid, did then and there unlawfully, in a rude, insolent and angry manner, touch, beat and strike one Helen J. Patrick, contrary," etc.

The appellant, at the proper time, moved to quash the indictment, but the court overruled the motion, and it is contended that this ruling was error. The particular defect is claimed to consist in the failure to lay the venue of the offense properly, by omitting to name the State in which such offense was committed.

Every indictment must name, in some certain manner, the county and State in which the offense is alleged to have been committed. It is sufficient if the State be named in the caption and afterwards referred to in some appropriate way, in connection with the venue of the offense. Gillett Crim. Law, section 130, and cases cited.

In the indictment under examination, the State was mentioned in the introductory portion, and then referred to as "the State aforesaid." This was sufficient, and there was no error in overruling the motion to quash.

The next error assigned is the overruling of the motion for a new trial.

It appears that after the trial had been in progress for some time, the prosecuting attorney conceived the notion that there was a variance between the indictment and proof upon the subject of the name of the injured party, the indictment charging the name to be Helen J. Patrick, while the evidence disclosed that it was Helen L. Patrick. While apparently laboring under this impression, the prosecting attorney asked the court for time to prepare and file an affidavit and information in which the true name of the injured party might be set forth. To this the defendant objected, and then and there moved the court for a finding and judgment in favor of the defendant, which motion was overruled and an exception reserved.

The prosecuting attorney having prepared an affidavit and information, the same was then filed, a warrant was issued upon the same and delivered to the sheriff, who arrested the appellant and made due return of the warrant. Appellant was thereupon duly arraigned upon the affidavit and information, but refused to plead thereto. The trial under the indictment was then proceeded with before the court to which it had been submitted, and the appellant was found guilty as charged in the indictment.

One of the causes assigned in the motion for a new trial is that the finding is contrary to the law.

Conceding, without deciding, that the question here sought to be presented is properly raised, it is difficult to conceive in what respect any prejudicial error has been shown. The most that can be said in support of appellant's position is that there was some interruption of the proceedings of the trial by the inopportune arrest and arraignment upon another charge, or upon the same charge presented in another form.

It is not claimed that the arrest and arraignment during the trial operated as an acquittal upon the charge for

which he was being tried, nor do we think it had that effect. The mere irregularity of an interruption of the proceedings, by an arrest and placing him in custody, could not have harmed the appellant in his rights in the case, for which he was on trial. He was not taken away from court while the trial was proceeding. He was deprived of no opportunity to meet his accusers face to face or to make a full defense to the charge against him.

Had he incurred a jeopardy under the new charge, as by being required to proceed with both trials at once, a different question might arise. But there was no trial upon the information, and the jeopardy attached only in the case of the indictment.

We can not see, therefore, how the appellant was prejudiced in his rights in the trial, by the interruption. Appellant's counsel practically concede that if the arrest and arraignment had been upon some other case, entirely foreign to this, the mere interruption for the purpose of arresting and arraigning the appellant would not have been error; but they contend that as the new charge was a part of the same case and gotten up by the prosecutor upon the supposition that it would cure a supposed defect in the case pending, it in some way worked a prejudicial error.

We confess our inability to see any distinction in principle between the supposed and the real case.

The attorney-general suggests that the statute made it proper to re-arrest the appellant while under bond, and cites section 1679, R. S. 1881. But we need not, and do not, place our conclusion upon this ground.

Whether the arrest was authorized or not is of little consequence for the purposes of this case. The question is, was the appellant prejudiced in his rights in the case on trial? Whether his personal rights were otherwise invaded is a matter not now before us.

We do not understand that the appellant insists that the court erred in refusing to adjudge an acquittal as soon as the prosecuting attorney expressed his belief that there was a variance.   The court evidently did not think there was such a variance, nor is it now insisted that there was.

We think the court did right in proceeding with the trial, and in refusing to make a finding before all the evidence was heard.   The statement of the prosecutor did not amount to an admission that the appellant was entitled to be discharged from the case on trial, and even if it did, we question whether the court was bound to adopt that view and acquit him.   Courts exist for the purpose of doing substantial justice, and a party who is really guilty can not legally escape because the prosecuting officer has made an inadvertent admission.   Before we are authorized to reverse the judgment, it must be shown affirmatively that some prejudicial error was committed, affecting the legal rights of the appellant in the conduct of the proceeding in which he was tried and convicted, which we do not think has been done.

After the appellant had been arraigned upon the information, he filed a plea in abatement in this case, setting up the pendency of another prosecution for the same offense.   To this plea the court sustained a demurrer, and the ruling is assigned as error.   But little, if any, argument is made upon this question by appellant's counsel.   The point, however, must, in any event, be decided against the appellant.   That another prosecution is pending against him for the same offense can not constitute valid matter in abatement, until the defendant has been placed in jeopardy in the other action.

Many cases might be cited in support of this rule, but it can not be necessary.   See, however, Gillette's Crim. Law, section 764, and cases cited.

Haase *v.* The State.

It will not be claimed that the appellant incurred any jeopardy here in the case upon the information. Jeopardy attaches only after the jury has been sworn, or if the trial is by the court, after the trial has been entered upon. So far as the record shows, the trial upon the information was never entered upon.

It is likewise assigned as a cause for a new trial that the evidence was insufficient to sustain the verdict. There is a sharp conflict in the evidence, and where this is the case it is not the province of this court to weigh the same.

If the testimony of the injured party was true, the appellant was guilty of an aggravated assault and battery, for which the punishment assessed, which was a fine of $500, was in no wise excessive. If the appellant's version of the affair was the true one, he was, in legal contemplation, not guilty.

It must be confessed that there were many circumstances surrounding the affair that might be construed to corroborate the appellant in his account of the occurrence. On the other hand, these circumstances are not necessarily inconsistent with the appellant's guilt.

The trial court was the more competent tribunal to judge of the act and conduct of these parties. It had both them and other witnesses before it, and was in a much better position to ascertain the exact truth than we are.

We must, therefore, adhere to the long established rule of declining to disturb the judgment when the evidence is conflicting, or when there is some evidence in support of the finding upon which the judgment is founded.

Judgment affirmed.

Filed Jan. 5, 1894.