WISCHMEYER *v.* STATE OF INDIANA.

[No. 24,507.  Filed February 19, 1929.]

*Clyde P. Miller*, for appellant.

*U. S. Lesh*, Attorney-General, and *Mrs. Edward Franklin White*, Deputy Attorney-General, for the State.

TRAVIS, J.—Appellant was charged by count one of an affidavit, that on July 2, 1923, he unlawfully sold intoxicating liquor, and alleges a former conviction, under Acts 1923, ch. 23, §1. By the second count of the affidavit, he was charged with unlawfully possessing a still for the manufacture of intoxicating liquor, under Acts 1923, ch. 33. In other counts of the affidavit, he was charged with other violations of the laws concerning intoxicating liquors. Appellant moved to quash the affidavit, for the causes that the facts stated in the affidavit do not state a public offense, and that the offense is not stated with sufficient certainty, for the sole reason that it was not approved by the prosecuting attorney as required by law (Acts 1905 p. 584, §119, §2151 Burns 1926), which motion was overruled. The plea was not guilty. Trial by the court, which rendered judgment upon its finding of guilty of the charge in count two. A motion for a new trial was overruled, after which the

court ordered that appellant's automobile, which had been seized by the officer, be confiscated and sold, as provided by law (Acts 1921, ch. 250, §5), to which order appellant filed written exceptions.

It is necessary only to give attention to the alleged errors which are predicated upon the overruling of the motion to quash and the exceptions to the order to confiscate and sell the automobile.

The affidavit which charged the offenses is entitled in and was first filed in the city court of the city of Indianapolis, and was thereafter filed in the Marion ██ Criminal Court. The omission of the approval of the affidavit by the prosecuting attorney is confessed by appellee in its brief, but it is sought to avoid such omission for the sole reason that notwithstanding there is no transcript from the city court to the court which tried the case, such affidavit so filed in the city court is sufficient, even if not indorsed with the approval of the prosecuting attorney, where transferred by appeal to the Marion Criminal Court, and cites as authority for the proposition, *Parish* v. *State* (1923), 194 Ind. 44, 141 N. E. 786. The crime charged in the case cited was a misdemeanor, of which the city court had jurisdiction to try and fully determine. The affidavit in the case at bar charged felonies, which the city court of the city of Indianapolis did not have jurisdiction to try and make its finding of guilty and render judgment. The jurisdiction of such city court was limited to a preliminary hearing, which may result in discharging the accused or in recognizing him to appear and answer the charge that might be made in the criminal court. §§2102, 2103, 11011 Burns 1926. If the same affidavit which was filed in such city court were filed and used in the criminal court to present the offense, instead of presenting such felonious offense by a new affidavit, such use of the original affidavit is not sufficient to avoid the

duty of the prosecuting attorney to approve the affidavit. The affidavit in the criminal court, because of such omission, was insufficient to lawfully present the crime, from which it follows that the ruling of the court overruling the motion to quash, was erroneous. *Sabo* v. *State* (1926), 197 Ind. 210, 150 N. E. 103.

It necessarily follows that there was not a lawful "conviction" of appellant, Acts 1921 p. 739, ch. 250, §5. The order of the court that the automobile owned by appellant be confiscated and sold could not lawfully be predicated upon the unlawful "conviction." Therefore such order is invalid, and ought to be reversed.

It is ordered that this case be remanded to the Marion Criminal Court, and the court is ordered to sustain appellant's motion to quash the affidavit, and to sustain appellant's exceptions to the order to confiscate and sell the automobile.

Judgment reversed.

Martin, C. J., not participating.