STATE EX REL. JONES *v.* GECKLER, JUDGE.

[No. 27,106. Filed October 17, 1938.]

*Wayne O. Wimmer,* for appellant.

*L. Russell Newgent,* for appellee.

FANSLER, J.—This is an original action by which the relator seeks a mandate requiring the respondent to sustain his motion for a change of judge. An alternative write has issued.

It appears that the relator is a boy under the age of

sixteen years; that a proceeding was begun against him in the Juvenile Court of Marion County, by affidavit charging that he "did then and there commit an act of delinquency in this, to wit: . . ."; that he committed a specific assault and battery. The cause was set for trial. The relator filed a verified motion for a change of judge, which is in the usual form used in criminal procedure, and is upon the ground of bias and prejudice. The change of judge was denied upon the theory, as we are advised by the respondent, that the action is not an adversary criminal proceeding, but merely a proceeding to determine whether the relator is a delinquent child as described by the statute, and that, for that reason, he is not entitled to a change of judge.

Respondent suggests that the relator, being an infant, cannot maintain this action in his own name; that it can be maintained only by a next friend or guardian in his behalf. If the proceeding is adversary, and in the nature of a prosecution of a criminal charge against the relator, the latter position is not well taken, since it is well recognized that infants, when charged with crime, plead in their own names, and that they may appeal in their own names.

The statute, section 9-2803 Burns' Ann. St. 1933, section 5697 Baldwin's Ind. St. 1934, defines a delinquent child as "any boy under the full age of sixteen (16) years and any girl under the full age of eighteen (18) years: Who shall violate any law of this state or any ordinance of a city"; or who shall be guilty of doing any one of a number of specified acts, all of which are commonly recognized as constituting misconduct on the part of young people. The section then continues: "Any boy under the full age of sixteen (16) years or any girl under the full age of eighteen (18) years who shall commit any of the acts herein specified shall be deemed a delinquent child and shall be proceeded against as such in the manner pro-

vided by law for the prosecution of persons charged with misdemeanors, and, upon conviction thereof, may be released on probation or may be dealt with by the court in such manner as may appear to be for the best interest of the child." Section 9-2814 Burns' Ann. St. 1933, section 1761 Baldwin's Ind. St. 1934, provides that a warrant may issue for a child against whom complaint has been filed, and that: "If, upon the trial of any child, it shall appear to the judge of the juvenile court, or the judge thereof sitting in vacation, that such child is guilty of the offense charged, he may withhold judgment," or order the child placed under public or private guardianship, or he "may impose a fine with costs"; and there is a further provision that: "If any child is found guilty of the offense charged against it, or appears to be wilfully wayward and unmanageable, the court may commit him or her to the Indiana Boys' School, the Industrial School for Girls, or to any other state, penal or reformatory institution by law to receive such boy or girl." It is provided that, when a child is sentenced to confinement in an institution to which adult convicts are sentenced, he shall not be confined in the same building or yard with the adult convicts; and: "That, in every trial of any such child he shall be entitled to a trial by jury of twelve (12) persons if he shall so elect."

The statute (section 9-2803 Burns' Ann. St. 1933, section 5697 Baldwin's Ind. St. 1934, *supra*) provides that if a boy or girl commits any of the acts specified in the statute, such child "shall be deemed a delinquent child and shall be proceeded against as such in the manner provided by law for the prosecution of persons charged with misdemeanors." Persons charged with misdemeanors are entitled to a change of judge, and the statute, section 9-1301 Burns' Ann. St. 1933, section 2222 Baldwin's Ind. St. 1934, does not restrict the right to a change to any court or jurisdiction. Not only the expres-

sions, but the necessary implications of the act as a whole require the conclusion that, when a child is charged with delinquency, some specific act or conduct must be charged as constituting the delinquency; that the truth of the charge shall be determined in an adversary proceeding; and that the child shall be entitled to a trial under the rules prescribed for the trial of prosecutions for the commission of misdemeanors. It must follow that the child charged is entitled to a change of judge.

The respondent relies upon *Dinson* v. *Drosta* (1907), 39 Ind. 432, 80 N. E. 32, and *Heber et al.* v. *Drake et al.* (1918), 68 Ind. App. 448, 118 N. E. 864. In the first case we have examined the record and the briefs. The proceedings were had, not in a juvenile court, but in a circuit court, under a statute enacted at the same session, but prior to the enactment of the juvenile court law, providing procedure for the admission of girls to the Indiana Industrial School for Girls. The complaint did not charge the eleven-year-old girl with being a delinquent. It did charge that, because of incorrigibility and vicious conduct, she was a proper subject for the guardianship of the Indiana Industrial School for Girls, and that her parents were depraved, and incapable of and unwilling to exercise care or discipline over the child. The court found that the girl was a suitable person to be committed to the instruction and discipline of the institution, and she was ordered committed. There is no finding or judgment that the child was delinquent, vicious, or incorrigible, nor was there any evidence of such facts. There was evidence from which the court might have concluded that the parents were not proper persons to have the custody of the child, although there is no express finding or judgment to that effect. In view of this record, it is reasonable to conclude that the court, in writing its opinion, treated the judgment as one against the parents only, depriving them of the custody of the child, and not as a

judgment against the child. The other case involved a proceeding to remove a child from the custody of its parents. There was no charge that the child was delinquent or that it had done any wrong. The case is not in point.

The alternative writ heretofore issued is made absolute, and the respondent is ordered to grant the relator's motion for a change of judge.