IN RE COYLE.

COYLE *v.* STATE OF INDIANA.

[No. 18,198. Filed October 19, 1951. Rehearing denied November 30, 1951. Transfer denied February 28, 1952.]

218

*Lawrence Shaw* and *L. Russell Newgent,* both of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General; *John Ready O'Connor* and *George W. Hand,* Deputy Attorneys General, for appellee.

*Mercer M. Mance, Lawrence H. Hinds* and *Frank H. Fairchild,* Amicus Curiae.

WILTROUT, J.—Appellant was found to be a delinquent child and was ordered committed to the Indiana Boys' School until he shall attain the age of 21 years. He appeals, claiming that a number of errors were committed, to his prejudice.

It is claimed that the petition in this case is not a proper petition for the reason that it does not contain a proper prayer and does not charge an act of delinquency; that by reason thereof all proceedings taken by the court are void for lack of jurisdiction. We have carefully examined the petition. It is carelessly and inexpertly drafted, apparently having been drawn without much attention being paid to the exact provisions of the statutes involved. No objection was made to its infirmities, however, until after the trial and judgment of the court. We conclude from our examination of the petition that while it does not exactly conform to statutory requirements it is a sufficient petition to enable the court to assume jurisdiction in this case.

The only act of delinquency attempted to be set forth by the petition is that appellant "started a fire at the Superior Trailer Manufacturing Corporation, 2100 Fletcher Avenue, by pouring paint thinner over a pile of lumber and setting fire to it with a match."

The finding in this case rests entirely upon the uncorroborated confession or admission of appellant. Whether this evidence was properly admitted over the objection made or what its probative value might be we do not decide. It is sufficient to say that even if it were to be considered there is no evidence to support the particular act of delinquency charged. There is nothing in the evidence which shows that appellant had anything to do with a fire at the Superior Trailer Manufacturing Corporation, although there is a reference to a fire which, so far as the evidence shows, was at another place. The appellee in its brief makes no attempt to controvert appellant's statements and argument on this point. Rather, appellee says: "The appellee freely admits that the evidence given above, and the procedure followed in the hearing, would not be sufficient to safeguard appellant's rights, if he were being tried on a criminal charge; but appellant was not being so tried. Rather the court was simply making a determination as to whether or not the appellant's environment indicated that appellant's future training, and the best interests of the State would be best served by taking him from his home and placing him where proper training was available." We cannot agree with the latter part of appellee's statement. Juvenile court procedure has not been so far socialized and individual rights so far diminished that a child may be taken from its parents and placed in a state institution simply because some court might think that to be in the best interests of the state. "It is not the province of the

courts to determine generally what conditions or exigencies will warrant the state in seizing the children of its citizens." *Orr* v. *State* (1919), 70 Ind. App. 242, 123 N. E. 470. Some specific act or conduct must be charged as constituting the delinquency and the truth of such charge must be determined in an adversary proceeding. *State ex rel. Jones* v. *Geckler, Judge* (1938), 214 Ind. 574, 16 N. E. 2d 875.

Appellant also claims error in this case in that the judge acted as both judge and prosecuting attorney, and in that the prosecuting attorney was not called in to represent the state. It appears that the court conducted the entire examination of the witnesses for the state, offered and introduced documentary exhibits in evidence over objection of the appellant, and conducted the entire case on behalf of the state, thereby assuming the duties of the prosecuting attorney. Both parties in their briefs seem to assume that the prosecuting attorney was not present, and appellee argues that the present statute contains no requirement that the prosecuting attorney shall appear and therefore it was not proper for him to appear. We might point out that the Act of 1945, ch. 356, p. 1724; Burns' 1942 Replacement (1951 Supp.), §§9-3201 *et seq.*, which deals with the subject of delinquent children, provides that it is to be construed as being supplemental to and in furtherance of the laws affected thereby, and only repeals the laws and parts of laws which are in conflict therewith. Although the state is not designated as a party plaintiff in the title of the petition, Burns' 1942 Replacement (1951 Supp.), §9-3208, nevertheless "it is the state speaking to assert its paramount interest in the protection of society and infants even though not named in the petition." *State ex rel. Johnson* v. *White Circuit Court* (1948), 225 Ind. 602, 77 N. E. 2d 298.

However, the transcript of the record, which imports verity, states that an unnamed deputy prosecuting attorney was present at the hearing and at later stages of the proceedings, even though it also appears that at the hearing he was as silent as the bridegroom in Lochinvar. We do not pass upon the question as to whether proper objections were timely made as to the action of the court in view of the conclusion which we have reached that a new trial must be had. Such error will probably not be repeated at the new trial.

The decision of the court is not sustained by sufficient evidence and is contrary to law.

Judgment reversed, with instruction to sustain appellant's motion for a new trial.

NOTE.—Reported in 101 N. E. 2d 192.

## ON PETITION FOR REHEARING

WILTROUT, P. J.—Appellee has filed its petition for rehearing, unsupported by a brief, in which it claims that the original opinion in this case erroneously holds that juvenile courts are bound by strict rules of criminal procedure as prescribed by law for the prosecution of adults. We do not find this subject discussed in the opinion. We gather that appellee is complaining of our statement to the effect that in an adversary proceeding such as this the trial judge may not properly serve both as judge and as advocate for one of the adversaries. We perceive no reason to alter this statement.

Appellee correctly points out that the Acts of 1945, ch. 356, p. 1724; Burns' 1942 Replacement (1951 Supp.), §§9-3201 *et seq.*, does not contain a provision that it is to be construed as supplemental to and in furtherance of the laws affected thereby, but that this provision is

contained in the Acts of 1947, ch. 241, §2, p. 983, which amends §19 of the 1945 Act.

Petition for rehearing denied.

NOTE.—Reported in 101 N. E. 2d 819.