STATE EX REL. HALE *v.* MARION COUNTY MUNICIPAL
COURT, BARTON, JUDGE, ETC.

[No. 29,260. Filed July 14, 1955.]

468

*Henry J. Richardson, Jr., Nola A. Allen,* and *Clarence D. Bolden,* all of Indianapolis, for relator.

*Patrick J. Barton, pro se,* and *Charles F. O'Conner,* both of Indianapolis, for respondents.

ACHOR, J.—A temporary writ of mandate was issued by this court on application of relator, which directed the respondent to grant relator's application for change of judge in three separately filed criminal charges pending in that court and growing out of the same offense. The charges were public intoxication, reckless driving, and operating a motor vehicle while under the influence of intoxicating liquor, the latter being a second offense and therefore a felony (Acts 1939, ch. 48, §52, p. 289), (§47-2001(b), Burns' 1952 Repl.). The respondent sustained the motion and made the appropriate record for change of judge with respect to the first two charges which involved only misdemeanors, but made no such record with regard to the latter charge. Thereupon on application of relator, this court subsequently issued a temporary writ of prohibition restraining respondent from proceeding any further in the cause unless such action was in compliance with the writ of mandate previously issued. It is upon these issues that this action is prosecuted.

The fundamental question presented is this: Is relator entitled to a change of venue from respondent as to the criminal charge of operating a motor vehicle while under the influence of intoxicating liquor, it being a second offense and, therefore, a felony?

It is not disputed that the jurisdiction of the Marion County Municipal Court, Room 3, is limited to the trial and conviction of misdemeanors only and to preliminary hearings for the purpose of binding over to the criminal court persons charged with felon-

ies, where probable cause is found to exist. Acts 1925, ch. 194, §5, p. 457, §4-2505, Burns' 1946 Repl.; Acts 1921, ch. 267, §1, p. 1071, §4-2402, Burns' 1946 Repl. (1953 Supp.); Acts 1921, ch. 161, §2, p. 404, §4-2403, Burns' 1946 Repl.; Acts 1939, ch. 137, §1, p. 671, §9-704, Burns' 1942 Repl.; Acts 1905, ch. 169, §72, p. 584, §9-711, Burns' 1942 Repl., *The State* v. *Morgan* (1878), 62 Ind. 35; *The State* v. *Hattabough* (1879), 66 Ind. 223; *Siebert* v. *The State* (1884), 95 Ind. 471; *Davis* v. *Bible, Sheriff* (1893), 134 Ind. 108, 33 N. E. 910.

The statute regarding changes of venue in criminal cases provides as follows:

> "On prosecution by indictment or affidavit the state or a defendant may apply for a change of judge on the ground that a fair and impartial trial cannot be had by reason of the interest, bias or prejudice of the *trial* judge." (Our italics.) Acts 1937, ch. 290, §1, p. 1338, §9-1316, Burns' 1942 Repl.

The specific issue upon which a decision must rest is whether the procedure by which (under §4-2402, *supra*) such a municipal court "shall hold such prisoner to bail for his appearance before the proper court, or commit him *to jail in default of such bail*," constitutes a "trial" within the meaning of the statute authorizing change of venue (§9-1316, *supra*).

It is respondent's position that the change of venue statute is applicable only to proceedings before the "trial judge" and that, because of the very limited statutory authority of the respondent with respect to the felony charge, the respondent was *not a trial judge* from whom a change of venue was authorized. On the other hand, it is relator's position that such proceedings constitute a "trial" within the meaning of the statutes (§9-1316, *supra*) and also that refusal to

grant the change of venue constituted a violation of the "due process clause" of the Constitution of the United States.

In support of its position, relator cites the fact that on the civil side of the law a *"trial"* is defined by statute as "a judicial examination of the issues, whether of law or fact, in an action." Acts 1881 (Spec. Sess.), ch. 38, §371, p. 240, §2-1901, Burns' 1946 Repl. (Our italics.) He contends (a) that the proceedings with which we are here concerned is an "action" within the meaning of the statute, and (b) that even though this is a crim-- inal action, use of the word "trial" by the legislature in the change of venue statute (§9-1316, *supra*), applicable to criminal cases, indicates its intention that the same definition of the word be applied in both civil and criminal actions. Relator contends that the hearing conducted by the municipal court judge constitutes such a "trial" for the reason that it is a "judicial examinna-tion of issues . . . in an action" first, for the purpose of determining the fact of the court's jurisdiction to finally adjudicate the cause and, if it is ascertained that he does not have such jurisdiction, then to dispose of the matter within his judicial authority by dis-charging the accused or recognizing him to appear and answer the charge that might be made in the criminal court. See *Wischmeyer* v. *State* (1929), 200 Ind. 512, 514, 165 N. E. 57.

In support of his position, relator cites the case of *State ex rel. Jones* v. *Geckler, Judge* (1938), 214 Ind. 574, 16 N. E. 2d 875, and asserts that it presents "a situation very similar to the one under review . . . (in which) the court mandated . . . change of venue." However, the facts in that case are not analogous to those before us. Rather, they would seem by analogy to support respondent's position herein. That case in-

volved a charge of juvenile delinquency based upon the specific offense of assault and battery. The court in that case held that the proceedings constituted an adversary proceedings charging an individual with a specific offense constituting a misdemeanor, which resulted in a *final adjudication* of the issue and subjected the minor, if found guilty of the offense charged, to certain statutory commitments within the discretion of the court.

Furthermore, an examination of the other reported cases which have construed the above statute (§2-1901, *supra*), which states in definition that "The trial is a judicial examination of the issues, . . . in an action," discloses that they have not adopted the broad general construction which respondent advocates. In those cases where this court has considered the nature of "an action," the "trial" of which is subject to change of venue, this court has stated the rule as follows:

> " . . . It has been held by this court also that *an action 'is any judicial proceeding which, conducted to a termination, will result in a judgment,'* and that a civil action 'is an action wherein an issue is presented for trial, formed by the averments of the complaint, and the denials of the answer, or the replication to new matter, and the trial takes place by the introduction of legal evidence to support the allegations of the pleadings, *and a judgment in such an action is conclusive upon the rights of the parties, and could be plead in bar.'* Evans v. Evans, 105 Ind. 204, citing *Deer Lodge Co.* v. *Kohrs,* 2 Mon. 66, 70." (Our italics.)

*Berry* v. *Berry* (1897), 147 Ind. 176, 179-180, 46 N. E. 470.

In none of the cases which have come to our attention has this court considered the proceedings "an action," nor has it held that the "judicial examination

of the issues" constituted a "trial" unless such examination was the basis for the *final adjudication* of an issue. For example, in the case of *Chicago, etc. R. Co.* v. *Collins* (1924), 82 Ind. App. 41, 54, 142 N. E. 634, 143 N. E. 712, the court stated that " . . . A trial is an investigation under the direction and control of the state for the purpose of discovering the truth and establishing the facts *upon which the sentence of the law may be pronounced.* §542, Burns' 1914, Acts 1881, p. 240; *Ellenberg* v. *Southern R. Co.* (1908), 5 Ga. App. 389, 63 S. E. 240. See *Schwindt* v. *Graff* (1924), 142 N. E. (Ohio) 736, 739." (Our italics.)

Contrary to the position asserted by respondent, the proceedings authorized by §9-711, *supra,* did not constitute "an action" nor was the "hearing" a trial which was the basis for a *final adjudication* of any issue. It was merely what it was described to be: a *"preliminary hearing"* for the purpose of ascertaining whether or not there is probable cause why the accused should "be recognized to appear at the next term of the Criminal Court of such county." On a charge of a felony, the Marion County Municipal Court, Room 3, could only recognize or discharge the accused. The proceedings could under no circumstances result in either the acquittal or the conviction of the accused. They were not conclusive of the rights of the accused and could not be pleaded in bar.

As stated in the case of *Siebert* v. *The State* (1884), 95 Ind. 471, 480, *supra,* the court, "under our law, has no jurisdiction to either acquit or convict a defendant charged with a felony, his (its) only authority in such a case being that of an examining court to hear and discharge, or commit and bind over, the defendant to appear before a court having jurisdiction to try the case." Also, consistent with the fact that the disposition

of a felony charge by a magistrate court does not constitute an adjudication of the issue of the charge, our courts have held that the discharge of the defendant by a magistrate is not a bar to a subsequent prosecution. *Siebert* v. *The State, supra.* See also, *State* v. *Hattabough, supra; Hawkins* v. *State ex rel. Read* (1865), 24 Ind. 288; *The State* v. *Morgan, supra.*

Relator's insistence on his right to a change of venue from Marion County Municipal Court, Room 3, on the felony charge may have, with good reason, been prompted by an unfortunate statement made in the case of *Carson* v. *State* (1932), 204 Ind. 273, 278-279, 183 N. E. 544. The sole question in that case was whether or not an affidavit charging a felony was sufficient without the written approval of the prosecuting attorney as required by Acts 1905, ch. 169, §119, p. 584, §9-909, Burns' 1942 Replacement. The court held that the affidavit was not sufficient to sustain a conviction in the circuit court of the felony charged. However, the court reasoned that the affidavit was sufficient to sustain a charge for a misdemeanor which was a proper lesser offense within the felony charge and, therefore, overruled the motion to quash the affidavit. In attempting to rationalize its position the court made two wholly conflicting statements with regard to the jurisdiction of a city court when confronted with a felony charge. The court first correctly stated the law as follows:

"... But *where the crime charged is a felony,* and *the jurisdiction of the inferior court is limited to a preliminary hearing,* an affidavit filed in the city court and used to present the offense in the criminal (or circuit) court is not sufficient unless it bears the approval of the prosecuting attorney. *Wischmeyer* v. *State* (1929), 200 Ind. 512, 165 N. E. 57." (Our italics.)

However, in the next paragraph the court proceeded

to make an incompatible and erroneous statement as to the jurisdiction of the city court as follows:

"The affidavit in the city court charged the misdemeanor of possessing intoxicating liquor, under §2717, Burns' 1926. It also alleged that appellant had been convicted on two prior charges of violating the liquor law in the city court of Marion, giving the numbers of the cases and the sentences imposed, the effect of this allegation being to charge the felony defined by the same section of the statute. Under this affidavit the city court of Marion could convict the appellant if it found that he was guilty of the misdemeanor charged and was not guilty of the felony charged. If such court had found that he was guilty of the felony it would, for such offense, have had authority only to recognize him to appear and answer such charge in the circuit court."

Confronted with a felony charge, the city court could make a determination of the case as above indicated. Sections 9-1806, 9-1816 and 9-1817, Burns' 1942 Replacement (Acts 1905, ch. 169, §§261, 271 and 272, p. 584), relating to offenses of lesser degree within an offense charged, are not applicable to the facts here presented. Confronted with a felony charge, the judge could not try and convict the accused of any offense, either of the felony itself or a lesser offense (a misdemeanor) within the felony charged. His authority was limited to the discharge of the accused or to his recognizance to the criminal (circuit) court which alone had jurisdiction to try the offense, as expressly provided by §2-1402, Burns' 1946 Repl. (Acts 1929, ch. 6, §1, p. 12). The Carson case, *supra,* cited no authority for its statement regarding the jurisdiction of the city court to try lesser degrees of offense within a felony charge. It has not since been cited as authority for such procedure nor has such procedure been generally adopted by the inferior courts of this state. There-

fore, insofar as the Carson case is in conflict with this opinion, the same is disapproved and/or reversed.

We conclude therefore that the proceedings before the Marion County Municipal Court, Room 3, as to the felony charge do not constitute a "trial" before the judge of that court within the meaning of §§9-1316 or 2-1901, *supra,* under which the right to change of venue is mandatory.

Relator also contends that refusal of the Marion County Municipal Court, Room 3, to grant the change of venue in the felony charge constituted a breach of the "due process clause" to the Fourteenth Amendment to the Constitution of the United States. No authority has been cited which establishes relator's position. On the contrary, these proceedings are very analogous to the preliminary examination of an accused conducted by a United States commissioner. The comissioner, like the judge of a municipal court, is authorized on preliminary examination merely to discharge or commit the accused to bail in a court having jurisdiction to try the case. See Fed. Rules Cr. Proc. rule 5, 18 U. S. C. A. In the case of *United States* v. *Hughes* (1895), 70 F. 972, the court held that the United States commissioners have no judicial power on a preliminary examination of one charged with crime and have only power in a ministerial capacity to determine probable cause. In these proceedings there is no provision for a change of judge and none is contemplated for the reason that the commissioner does not act in the capacity of a judge.

Relator's contention that the due process clause of the Constitution of the United States was violated by respondents in their refusal to grant his application for a change of judge is rendered untenable by a decision of the Circuit Court of Appeals in California in the case of *Dainard* v. *Johnston* (1945), 149 F. 2d 749 (*Certiorari* denied, 326 U. S. 783, 66 S. Ct.

331). In that case the prisoner had been arrested in San Francisco by police officers. Under Fed. Rules Cr. Proc. rule 5, 18 U. S. C. A., *supra,* said police officers were required by law to bring the prisoner without delay before the nearest available commissioner or before any other nearby officer for preliminary hearing. Instead, the police officers took the prisoner to Tacoma, Washington before the judge of the District Court without first bringing him before a magistrate. The prisoner was subsequently convicted and sentenced to the Federal Prison at Alcatraz. He then brought a habeas corpus action, alleging that the violation of the law by the police officers in not taking him before a magistrate constituted a denial of due process of law, and therefore that his conviction was a nullity. The United States Court of Appeals held that the police officers did, in fact, violate the law and that the prisoner should have been brought before a United States commissioner, but the court held that such violation of the law did not constitute a violation of the "due process clause" and that the subsequent proceedings, which resulted in the prisoner's conviction and incarceration were valid. By analogy it would seem necessarily to follow that refusal to grant a change of venue from a magistrate, whose only authority in a cause was to hold a preliminary hearing and either discharge the accused or recognize him to a criminal court for trial, could not constitute a breach of the "due process clause" to the Fourteenth Amendment to the Constitution of the United States.

We conclude, therefore, that there is no constitutional or statutory authority which requires the granting of a change of venue of a felony charge pending before the Marion County Municipal Court. Therefore, the temporary writ of prohibition heretofore issued by this

court in this cause is dissolved, and relator's application for a permanent writ of mandate is denied.

Emmert, C. J., dissents with opinion; Bobbitt, Landis and Arterburn, JJ., concur.

### DISSENTING OPINION

EMMERT, C. J.—The issue in this original action squarely presents the nature of a preliminary hearing on a felony charge before the Municipal Court of Marion County. Before the hearing the relator filed an affidavit for a change of judge under §9-1316, Burns' 1942 Replacement. This section gives the right to the state or a defendant on a prosecution by indictment or affidavit to "apply for a change of judge on the ground that a fair and impartial trial cannot be had by reason of the interest, bias or prejudice of the trial judge."

This court is a special statutory court, and §4-2516, Burns' 1946 Replacement, states: "a special judge may be appointed as provided by law relating to changes of venue from the judges of the circuit court." Section 4-2504, Burns' 1946 Replacement, provides that "all cases involving violations of the criminal statutes of this state shall be governed primarily, and where the same are not inconsistent with this act, by all relevant provisions, not only of the Criminal Code, but also of those relating to the jurisdiction and powers and to the procedure and practice that is now or may be hereafter prescribed for magistrates courts by the Acts of 1939, chapter 164 [§§4-3801—4-3809]." Section 4 of Ch. 164 of the Acts of 1939, adopted by reference in the amendment to the act creating the Municipal Court of Marion County, has several subsections concerning jurisdiction.

"(b) The magistrates court shall have and exercise original jurisdiction concurrently with the

original jurisdiction which is now exercised in such county by the circuit court, superior court, criminal court, municipal court or city court, in all cases of petty larceny and in all other violations of the laws of the state for which the penalty provided cannot exceed a fine of five hundred dollars [$500] or imprisonment in the county jail or state farm for a period not exceeding six [6] months, or both such fine and such imprisonment.

"(d)    The court shall have and exercise within the county the powers and jurisdiction now or hereafter conferred upon or exercised by justices of the peace in all cases of crimes and misdemeanors and in related proceedings such as surety of the peace, except as otherwise herein provided. . . .

"(e)    If the penalty which the magistrate is authorized to impose is, in his opinion, not adequate to the offense in any case brought before him, he may so find, and in such case he shall hold such prisoner to bail for his appearance before the proper court or commit him to jail in default of such bail." Section 4-3804, Burns' 1946 Replacement.

On the third count of the affidavit for the second offense of operating a motor vehicle while under the influence of intoxicating liquor, which is a felony, §47-2001(b), Burns' 1952 Replacement, the court's jurisdiction as to the felony was the same as a justice of the peace if such charge had been filed before him. It is well settled that in such a case the justice of the peace has jurisdiction to hold a preliminary hearing upon which the defendant could be discharged, or find there was probable cause to recognize the defendant to appear before the criminal court. Section 9-704, Burns' 1942 Replacement.[1]

---

1.    ". . . and it shall be the duty of such magistrate to immediately docket the cause . . . and to hear the cause, and either acquit, convict or punish or hold to bail the offender, or if the offense be not bailable, commit him to jail as the facts and the law may justify." Section 9-704, Burns' 1942 Replacement.

The language of the cases is very clear on this.

"In respect to the latter grade of offenses they have only the powers of an examining court, and can neither acquit nor convict thereof. They can only hear and commit or bind over the accused to answer before a court having jurisdiction to try the offense, or discharge the accused, as the evidence may warrant; and a discharge by a justice does not prevent another prosecution. *The State* v. *Morgan,* 62 Ind. 35." *State* v. *Hattabough* (1879), 66 Ind. 223, 225.

"This is so, because a justice of the peace, under our law, has no jurisdiction to either acquit or convict a defendant charged with a felony, his only authority in such a case being that of an examining court to hear and discharge, or commit and bind over, the defendant to appear before a court having jurisdiction to try the case. This point is settled by the decision of this court in the case of *State* v. *Hattabough,* 66 Ind. 223." *Seibert* v. *State* (1884), 95 Ind. 471, 480.

In *Carson* v. *State* (1932), 204 Ind. 273, 279, 183 N. E. 544, an affidavit was filed in the city court of Marion charging him with unlawful possession of intoxicating liquor and further alleging two prior convictions under the liquor laws.

The statutes concerning conviction for a lesser or included offense are as follows:

"A defendant is presumed to be innocent until the contrary is proved. When there is a reasonable doubt whether his guilt is satisfactorily shown, he must be acquitted. When there is a reasonable doubt in which of two [2] or more degrees of an offense he is guilty, he must be convicted of the lowest degree only." Section 9-1806, Burns' 1942 Replacement (Acts 1905, ch. 169, §261, p. 584).

"Upon an indictment or affidavit for an offense consisting of different degrees, the jury may find the defendant not guilty of the degrees charged in the indictment or affidavit, and guilty of any degree inferior thereto or of an attempt to commit the

offense." Section 9-1816, Burns' 1942 Replacement (Acts 1905, ch. 169, §271, p. 584).

"In all other cases, the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or affidavit." Section 9-1817, Burns' 1942 Replacement (Acts 1905, ch. 169, §272, p. 584).

Under these statutes Carson could have been convicted, as he was convicted, of a misdemeanor. The affidavit in the city court did not have the endorsed approval of the prosecuting attorney, and this was not necessary on a misdemeanor charge before a justice of the peace or in a city or municipal court for an offense within the jurisdiction of such court. *Parish* v. *State* (1923), 194 Ind. 44, 141 N. E. 786.

After Carson had been convicted of the misdemeanor in the city court he appealed to the Grant Circuit Court, where Carson filed a motion to quash the affidavit, which was overruled. The court held this ruling of the Circuit Court was correct inasmuch as the affidavit charged an included misdemeanor within the jurisdiction of the city court where the affidavit was first filed. The reasoning of the court was as follows:

"The affidavit in the city court charged the misdemeanor of possessing intoxicating liquor, under §2717 Burns' 1926. It also alleged that appellant had been convicted on two prior charges of violating the liquor law in the city court of Marion, giving the numbers of the cases and the sentences imposed, the effect of this allegation being to charge the felony defined by the same section of the statute. Under this affidavit the city court of Marion could convict the appellant if it found that he was guilty of the misdemeanor charged and was not guilty of the felony charged. If such court had found that he was guilty of the felony it would, for such offense, have had authority only to recognize him to appear and answer such charge in the circuit court." Page 279.

This is not dicta, but *ratio decidendi* necessary to decide the issue on the motion to quash.

The opinion in *Carson* v. *State, supra,* on this point has never been overruled, and the dissenting opinion by Judge Travis was only on the question of the search warrant. There is no confusing language in the opinion. There is a typographical error on page 279, where the motion to quash is referred to as a demurrer, but a motion to quash is analogous to a demurrer to a complaint in a civil action. Therefore under the Carson case, *supra,* the Municipal Court of Marion County did have jurisdiction to try the relator on the misdemeanor charge contained in the felony charge.

" 'The trial is a judicial examination of the issues, whether of law or of fact, in an action.' §2-1901, Burns' 1946 Replacement; *Casad* v. *Holdridge* (1875), 50 Ind. 529, 530; *Denbo* v. *Wright, Admr.* (1876), 53 Ind. 226, 228; *Chicago, etc., R. R. Co.* v. *Collins* (1924), 82 Ind. App. 41, 54, 142 N. E. 634, 143 N. E. 712." *State ex rel. Talkington* v. *Hoffman, Judge* (1947), 225 Ind. 475, 477, 76 N. E. 2d 252.

The proceedings before the respondent court are adversary in character. The court does have jurisdiction under the statutes to try the relator on the misdemeanor charge included in the felony charge. The relator could enter a plea of not guilty, and in the event he neglected to do so before the trial, the statute (§9-1201, Burns' 1942 Replacement, *Ingram* v. *State* (1951), 230 Ind. 25, 99 N. E. 2d 410) enters a plea of not guilty for him. The judge of the Municipal Court has jurisdiction to enter a finding and a judgment that relator is guilty of the misdemeanor charge, and a finding and a judgment that he is not guilty of the felony charge. Even if a felony charge does not contain a misdemeanor charge, at the conclusion of the preliminary hearing

the judge should enter a finding and judgment either discharging the accused, or that he is guilty as charged in the affidavit, and that he be recognized to appear and answer said charge in the criminal court, and then fix the amount of recognizance bond. Ewbank, Indiana Criminal Law (2d Ed.) §150, p. 87. The court's duties under a charge for a felony that contains a misdemeanor charge, or under a felony charge which does not contain an included offense, involved a judicial examination of law and of fact.

The error in assuming that the case at bar could not be tried, or a charge of felony not containing an included offense of a misdemeanor could not be tried lies in reasoning that jeopardy must attach, or a judgment must be *res judicata,* before there can be a trial. An interlocutory order, or an interlocutory judgment as it was known before the Code, is not final and is not *res judicata* in many cases, yet there is a trial, or a hearing as it is referred to in equity, in every case where the proceedings are adversary and there has been no default. Under the Probate Code of 1881 and amendments thereto, an order for the sale of real estate of a decedent to make assets for the payment of debts results in an interlocutory order, which is appealable as such. 1 Henry's Probate Law & Practice (5th Ed.) §250 and authorities cited. Many adverse interests may be presented under the issues in such a proceeding, and the hearing of evidence may take days. For this court to hold there must be a final judgment before there can be a trial upsets all the well decided cases in the books to the contrary, and arbitrarily limits the right to a change of judge without statutory sanction. A final divorce decree which fixes the custody of the children of the parties is not final in the sense that it decrees the custody can never be modified. *Henderson* v. *Kleinman*

(1953), 231 Ind. 657, 109 N. E. 2d 905. Nor is a final divorce decree of a sister state fixing the custody of the children, where the decree may be modified subsequently, within the full faith and credit clause of the Federal Constitution. *Scott* v. *Scott* (1949), 227 Ind. 396, 86 N. E. 2d 533; *New York* v. *Halvey* (1947), 330 U. S. 610, 67 S. Ct. 903, 91 L. Ed. 1133.

If the charge against the relator had been for forgery, no included offense would have been within the affidavit. On a preliminary hearing the Municipal Court could have entered a finding and a judgment that the accused be discharged. This would not have placed the accused in jeopardy, or prevent the refiling of the same charge in the Criminal Court of Marion County, but it would have terminated the prosecution under the affidavit filed in the Municipal Court. The fact that jeopardy does not attach on a felony charge, and the judgment is not *res judicata* as to the felony charge, does not and can not prevent the proceedings from being a trial, and a judicial examination of law and fact.

No judge is selected by Divine Providence to try every issue that comes before him. Our Forefathers who drafted the 1851 Constitution contemplated the Legislature would make laws for changes of venue in civil and criminal cases. Clause 4, §22 of Article 4, Constitution of Indiana. It has not been the policy of this court to narrowly construe the right to a change of judge. *State ex rel. Jones* v. *Geckler, Judge* (1938), 214 Ind. 574, 577, 16 N. E. 2d 875; *State ex rel. Newkirk* v. *Sullivan C. C.* (1949), 227 Ind. 633, 88 N. E. 2d 326. It is quite obvious that the substantial rights of an accused may be seriously affected by bias and prejudice in this sort of a proceeding.

Nor should this court casually overrule prior precedents if there is to be stability in the law. *Carson* v.

*State* (1932), 204 Ind. 273, 183 N. E. 544, *supra,* is clearly reasoned and correctly decided, both as a matter of principle and upon authority. It is not a case where the reasons for the rule have ceased to exist, or there never was any reason for the rule in the first place, either of which may be good cause for overruling a prior precedent. If this court is to overrule prior precedents in order to force a result in a particular case, we will administer justice by men and not by law, and have the law declared by judges and not by courts. The majority opinion judicially legislates by reading into the statute what is not there—a requirement that there be a final judgment that is *res judicata* before there can be a trial.

Relator's contention that he would be deprived of due process of law under the Fourteenth Amendment by refusal to grant the change of judge has no merit. The relator has not made a case where the trial judge was trying his own lawsuit or had a financial or relationship interest in the matter. See *State ex rel. Parker* v. *Vosloh* (1944), 222 Ind. 518, 54 N. E. 2d 650.

The temporary writ of prohibition should be made permanent.

NOTE.—Reported in 127 N. E. 2d 897.