**Rodney James WAYE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 2–178A18.**

Court of Appeals of Indiana, Second District.

June 18, 1979.

Harriette Bailey Conn, Public Defender, Robert W. Hammerle, Sp. Asst. Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for defendant-appellant.

Theo. L. Sendak, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

SHIELDS, Judge.

Defendant-appellant Rodney James Waye appeals his conviction of perjury, IC 35–1–90–1 (Burns Code Ed.1975),[1] raising three issues for our review. We only address Waye's contention that the trial court erred in overruling his motion for judgment on the evidence and reverse on that ground.

On June 2, 1975 Waye was deposed by defense counsel in a criminal action entitled *State of Indiana v. Charles Randy Case*, Cr. 75–64 pending before the Wabash Circuit Court. In this deposition Waye testified that both he and Charles Randy Case participated in the burglary of Papa Joe's Res-

taurant.[2] On August 30, 1976, immediately prior to Case's scheduled trial, Waye, who had apparently been subpoenaed by the State to testify against Case, met to discuss his testimony with the Wabash County Prosecutor, Thomas J. Mattern. At this meeting, Waye informed Mattern that he was going to testify that Case had nothing to do with the burglary of Papa Joe's.

Immediately following this discussion, Mattern took Waye into the courtroom and, in the presence of Case and Case's defense counsel, had Waye sworn by the court reporter, and then proceeded to examine Waye. The judge was not present and the jury had not yet been selected nor sworn. In this examination Waye stated that Case was not involved in the burglary of Papa Joe's, and that the information he gave in the June 2, 1975 deposition was untrue. Subsequently, Mattern moved for and was granted a dismissal of the charge against Case.

On September 2, 1976 an information was filed in the Wabash Circuit Court charging Waye with two counts of perjury pursuant to IC 35–1–90–1. Count one charged Waye with perjury in connection with the June 2, 1975 "deposition." Count two charged Waye with perjury in connection with the August 30, 1976 "trial proceeding."[3]

At trial, after the State rested its case, Waye moved for a judgment on the evidence. The motion was overruled. Waye rested without presenting any evidence. The jury returned a verdict of acquittal as to count one and a verdict of guilty as to count two. This appeal is from Waye's conviction under count two.

---

1. IC 35–1–90–1 was repealed by Acts 1976, P.L. 148, § 24, effective October 1, 1977. For current law see Ind.Code Ann. § 35–44–2–1 (West 1978).

2. The charge against Case, in the pending criminal action, was based upon the burglary of Papa Joe's Restaurant.

3. Count II THOMAS J. MATTERN being duly sworn upon oath, deposes and says that on or about the 30th day of AUGUST, 1976, at the

County of Wabash, and State of Indiana, one RODNEY JAMES WAYE having taken a lawful oath or affirmation in the matter of his testimony in a trial proceeding, to-wit: STATE OF INDIANA VS. CHARLES RANDY CASE, did swear or affirm willfully, corruptly and falsely concerning incidents and circumstances touching a matter material to the point in question, to-wit: Participation of CHARLES RANDY CASE in a burglary at the Papa Joe's Restaurant in Wabash, Indiana on January 30, 1974.

The gist of Waye's argument raised in his motion for judgment on the evidence, and again in this appeal, is that there was a fatal variance between the information and the proof at trial.[4] Waye contends that, while he was charged with swearing falsely under oath in a trial proceeding, the evidence revealed that a trial proceeding had not commenced. We agree.

 We define trial proceeding as that stage in the processing of a cause at which evidence is introduced to resolve the issues of fact formed by the pleadings or as a matter of law and which is the basis for the final adjudication of those issues. *State ex rel. Hale v. Marion Co. Mun. Ct., Barton, Judge, etc.,* (1955) 234 Ind. 467, 127 N.E.2d 897. We then hold that, as in the application of the constitutional prohibitions against double jeopardy,[5] the trial proceeding commences when the jury is sworn in a jury trial and when the first witness is sworn in a court trial. *Haase v. State,* (1893) 8 Ind.App. 488, 36 N.E. 54. "Trial proceeding" does not, therefore, encompass the circumstances under which Waye gave his statement on August 30, 1976.

Indeed, the State tacitly admits the evidence failed to show a trial proceeding and argues, instead, that the proceeding was in the nature of a deposition. This position is not well taken, particularly in light of the fact that count one of the information charged Waye with false swearing under oath "in the matter of a deposition." Moreover, the circumstances under which Waye gave his statement on August 30, 1976 was not a deposition. Indiana Rules of Procedure, Trial Rule 30.

In the case at bar Waye was charged with false swearing under oath in a "trial proceeding." The evidence, however, revealed that the statement was not given in a trial proceeding. Thus, there was a fatal variance between the information and the proof at trial and the trial court erred in

overruling Waye's motion for judgment on the evidence.[6]

The judgment of the trial court is reversed.

SULLIVAN, J., concurs.

MILLER, J., sitting by designation, concurs.

---

4. In this regard Waye interjected the appropriate objections before the State offered evidence which was at variance with the allegations in the charge. See generally *Roberts v. State,* (1964) 245 Ind. 185, 197 N.E.2d 304.

5. U.S.Const. Amend. V; Ind.Const. art. 1, § 14.

6. *State v. Gross,* (1911) 175 Ind. 597, 95 N.E. 117.