Gloria D. CHILDERS and Walter K. Childers, Appellants (Defendants Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 3–680A161.

Court of Appeals of Indiana, Third District.

Oct. 9, 1980.

Richard J. Thonert, Fort Wayne, for appellants.

Theodore L. Sendak, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Following a bench trial, defendants–appellants Gloria and Walter Childers were convicted of neglect of a dependent and given suspended sentences of 180 days each. The dispositive question on appeal is whether the Allen Superior Court, Misdemeanor Division (misdemeanor court) lacked subject–matter jurisdiction over the crime.

The circumstances giving rise to this cause disclose that on August 31, 1979 the Allen County prosecutor filed informations against both defendants in the misdemeanor court. In general, these charging instruments alleged that on or about August 30, 1979 said defendants, having the care, custody and control of the following dependents, Rex and Crystal Childers, did knowingly place the dependents in a situation that endangered their lives or health, contrary to IC 1971, 35–46–1–4 (Burns 1979

Repl.).[1] At trial the judge proceeded on the assumption that insofar as the prosecutor filed the informations in the misdemeanor court, the charges had to be treated as misdemeanors even though the statute expressly stated that neglect of a dependent was a class D felony. This assumption was erroneous.

On August 31, 1979, the following statute governed the jurisdiction of the misdemeanor division of the superior courts:

"In any county with a population of not less than one hundred fifty thousand (150,000) nor more than five hundred thousand (500,000) having a unified superior court, the small claims and misdemeanor division of the superior court has the following jurisdiction:

(1) Original and concurrent jurisdiction in all civil cases founded on contract or tort in which the debt or damage claimed does not exceed one thousand five hundred dollars ($1,500).

(2) Original and concurrent jurisdiction in possessory actions between a landlord and tenant where the rent reserved does not exceed five hundred dollars ($500) per month.

(3) *Original and concurrent jurisdiction of all misdemeanor and infraction cases.*

(4) Original jurisdiction in cases involving a request for a surety of the peace.

(5) Original and concurrent jurisdiction of cases involving the violation of ordinances of cities, towns, or other municipal corporations.

(6) Original and concurrent jurisdiction of cases involving violations of ordinances which relate to traffic." (Emphasis added).

IC 1971, 33–10.5–3–3 (1980 Burns Supp.) as amended by Acts 1977, P.L. 313, § 12.

Under Acts 1979, P.L. 282, § 2 this statute was amended to include the following underlined portion:

---

1. This statute was amended in certain ways not material to this discussion by Acts 1980, P.L. 208, § 1.

"In any county with a population of not less than one hundred fifty thousand (150,000) nor more than five hundred thousand (500,000) having a unified superior court, the small claims and misdemeanor division of the superior court has the following jurisdiction:

\* \* \* \* \* \*

(3) Original and concurrent jurisdiction of all *Class D felony*, misdemeanor and infraction cases." (Emphasis added).

The effective date of this amendment was September 1, 1979.

Plainly, the misdemeanor court had no jurisdiction over any class D felony cases on August 30. Support for this view can also be found in *State ex rel. Hale v. Marion Mun. Ct., Barton, J.* (1955), 234 Ind. 467, 127 N.E.2d 897. There the jurisdiction of the municipal court was limited to trial and conviction of misdemeanors and to preliminary hearings for purpose of binding over to criminal court persons charged with felonies where probable cause was found to exist. In determining that a preliminary hearing was not a "trial" within the meaning of a statute authorizing changes of venue from the trial judge and that therefore a defendant who was charged with two misdemeanors and a felony was not entitled to a change of judge for a preliminary hearing on the felony charge, the Indiana Supreme Court noted:

"Confronted with a felony charge, the judge could not try and convict the accused of any offense, either of the felony itself or a lesser offense (a misdemeanor) within the felony charged. His authority was limited to the discharge of the accused or to his recognizance to the criminal (circuit) court which alone had jurisdiction to try the offense . . . ."

127 N.E.2d at 900.

■ To counter this conclusion the State contends that defendants either waived the error by not presenting it in a motion to dismiss or else agreed to the trial court's treatment of the felony as a misdemeanor. These assertions ignore the longstanding rule of law that parties cannot confer subject–matter jurisdiction by consent or agreement, nor may a party waive his objection to the absence of subject matter jurisdiction. *Carpenter v. State* (1977), Ind., 360 N.E.2d 839.

■ Additionally, the State insists it was within the bounds of prosecutorial or judicial discretion to treat the crime as a misdemeanor in that IC 1971, 35–50–2–7 (Burns 1979 Repl.) authorized entry of judgment for conviction of a class A misdemeanor against defendants. The pertinent statute provides:

"(a) A person who commits a class D felony shall be imprisoned for a fixed term of two [2] years, with not more than two [2] years added for aggravating circumstances; in addition, he may be fined not more than ten thousand dollars [\$10,-000].

"(b) Notwithstanding subsection (a) of this section, if a person has committed a class D felony, the court may enter judgment of conviction of a class A misdemeanor and sentence accordingly. The court shall enter in the record, in detail, the reason for its action whenever it exercises the power granted in this subsection."

Clearly IC 1971, 35–50–2–7 permits the trial court to exercise discretion in sentencing. *Smith v. State* (1979), Ind.App., 392 N.E.2d 503. But before a trial court may utilize the discretionary powers under this provision, it must first possess jurisdiction over the underlying felony. Such was not the case here. Moreover, while the prosecutor enjoys wide discretion in deciding what charges to bring that discretion does not extend so far as to confer subject–matter jurisdiction on a court otherwise powerless to entertain a particular class of cases.

This statute does not place discretion in the prosecuting attorney to either file such charge as a felony or a misdemeanor. The crime is a class D felony and can be only charged as such. The discretion in sentencing is vested solely in the trial court.

For all the foregoing reasons, the judgments must be reversed.

Reversed.

GARRARD, P. J., and STATON, J., concur.